## Lando v. Philadelphia and Reading Coal and Iron Co.

*Workmen's compensation—Statute of limitations—Dependent child having dependent parent—Act of June 2, 1915.*

A was killed in an industrial accident May 11, 1917, leaving a widow, B, and C, an illegitimate daughter of D, daughter of A and B. The grandchild was under sixteen and wholly dependent upon her grandparents with whom she lived. B, the widow, died Dec. 7, 1918, having received compensation at the rate of 40 per cent. of A's wages for eighty-two and four-sixths weeks. On the death of B, C's guardian filed a petition under section 307 of the Act of June 2, 1915, P. L. 736. The defendant contended that the claim was barred because the petition had not been presented within one year from decedent's death. The board allowed compensation. On appeal to Common Pleas: *Held*, that A and B stood *in loco parentis* to C, and that C's right to compensation in her individual capacity began on the death of B, and, having filed her claim petition within one year from that date, she was clearly within her rights, and the award was affirmed.

Appeal from the decision of the Workmen's Compensation Board. C. P. Northumberland Co., Dec. T., 1919, No. 60.

*Rogers Dever*, for plaintiff; *Voris Auten*, for defendant.

CUMMINGS, P. J., May 8, 1921.—Frank Lando, an employee of the Philadelphia & Reading Coal and Iron Company, died on May 11, 1917, having been instantly killed in an accident in the course of his employment for the defendant company at its Bear Valley Colliery, near Shamokin, this county. On June 19, 1917, Annie Lando, widow of Frank Lando, entered into a compensation agreement for the payment to her by the defendant of compensation for the death of her husband at the rate of 40 per cent. of the minimum of $10 per week, under section 307 of the Workmen's Compensation Act of 1915, for the period of 300 weeks, payable semi-monthly, amounting to $1200; Annie Lando, widow of the said Frank Lando, died on Dec. 7, 1918, having been paid compensation by the defendant company at the rate 40 per cent. of $10, or $4 per week, from May 11, 1917, to Dec. 7, 1918, or eighty-two and four-sixths weeks, amounting to $328.67.

Laura Lando, claimant in this case, is an illegitimate daughter of Rosie Lando, a daughter of Frank and Annie Lando, and was born at or near Boston, Mass., on March 18, 1907. She lived and was dependent upon her grandparents, Frank Lando and his wife, Annie Lando, from infancy, and was living in their home at the time of the accidental death of Frank Lando on May 11, 1917.

Laura Lando continued to live with, and was dependent upon, Annie Lando, widow of Frank Lando, until the death of Annie Lando on Dec. 7, 1918, since which time she has been living with, and dependent upon, an uncle by marriage, Stanley Velence; she is without means of support other than that which is given her by Stanley Velence. Her aunt, Mrs. Stanley Velence, died shortly after the death of her grandmother, Annie Lando. Stanley Velence has since married and has a family of his own to support; Rosie Lando, mother of claimant, has been unheard of for many years, having left home after bringing Laura Lando to her grandparents, and has never been heard from since.

Frank Lando, grandfather of the claimant, raised her from infancy, and at the time of his death stood *in loco parentis* to the claimant, Laura Lando, in whose home she was then living; after the death of Frank Lando, Laura Lando continued a member of the household of Annie Lando, widow, and was dependent upon her until the death of the said Annie Lando on Dec. 7, 1918.

1 D. & C.

Lando v. Philadelphia and Reading Coal and Iron Co.

Under the compensation agreement between the Philadelphia & Reading Coal and Iron Company and Annie Lando, widow, under date of June 19, 1917, it does not appear that Laura Lando was a dependent of Frank Lando, the deceased employee.

The Compensation Board awarded to the guardian of Laura Lando, granddaughter of Frank Lando, a compensation from Dec. 7, 1918, to Feb. 9, 1923, or 218 weeks, at $2.50 per week, being 25 per cent. of the minimum of $10 per week, amounting to $545, and from Feb. 9, 1923, to March 18, 1923, when she arrives at the age of sixteen years, for five and one-third weeks, at 15 per cent. of $10, or $1.50 per week, amounting to $8, a total of $553, and costs of suit.

Two questions are raised by the appeal in this case:

1. That the claim was barred by the statute of limitations.

2. That the claimant, being an illegitimate grandchild of Frank Lando, the deceased employee, did not come within the provisions of the Workmen's Compensation Act of 1915.

Section 315 of the Workmen's Compensation Act provides as follows: "In case of personal injury all claims for compensation shall be forever barred unless, within one year after the accident, the parties shall have agreed upon the compensation agreed to be paid under this article, or unless, within one year after the accident, one of the parties shall have filed a petition as provided in article 4 hereof. In cases of death, all claims for compensation shall be forever barred unless, within one year after the death, the parties shall have agreed upon the compensation under this article, or unless, within one year after the death, one of the parties shall have filed a petition as provided in article 4 hereof. Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of the making of the last payment."

In the case of Hughes v. American International Shipbuilding Corporation et al., 270 Pa. 27, opinion by Mr. Justice Simpson, John A. Hughes, an employee of the American International Shipbuilding Corporation, having received in the course of his employment an injury which was then supposed to be trivial, with the consent of the Workmen's Compensation Board, entered into a compensation agreement with his employer, by which it agreed to pay to him in full for the injuries sustained the sum of $10 per week for six weeks. Payments were made and receipted for up to May 13, 1918, at which time the ten weeks expired. It subsequently developed that the injury was serious, causing a total loss of the use of his left hand, whereupon, on Jan. 13, 1920, he filed a petition with the board, asking a review of the compensation agreement, and that an order be made in his favor to cover the injury actually suffered. An answer was filed, testimony taken, the petition sustained, the agreement set aside, and an appropriate order made in accordance with the facts found. Exceptions thereto filed on appeal to the court below were overruled by it, and judgment entered for the plaintiff; whereupon the employer and its insurance carrier took an appeal to the Supreme Court.

In this case the court said: "The only question raised is whether the petition for review, which, as above shown, was filed more than one year after the last payment, was too late because of the limitation specified in the last sentence of section 315 of the Workmen's Compensation Law as follows:

" 'In cases of personal injury all claims for compensation shall be forever barred unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this article, or unless, within one year after the accident, one of the parties shall have filed a petition as provided in article 4 hereof. In cases of death, all claims for compensation shall be

forever barred unless, within one year after the death, the parties shall have agreed upon the compensation under this article, or unless, within one year after the death, one of the parties shall have filed a petition as provided in article 4 hereof. Where, however, payments of compensation have been made in any case, said limitation shall not take effect until the expiration of one year from the time of the making of the last payment.'

"It is admitted that if the last sentence does not cover a different class of cases than those specified in the preceding sentences, the judgment of the court below should be affirmed.

"Appellant's argument turns exclusively on the use of the words 'in any case,' and it may be admitted that if this sentence stood alone their contention would be sound. It does not stand alone, however, and we are of opinion that, taking the section in its entirety (*noseitur a sociis*), those words refer to the 'cases' of personal injury and the 'cases' of death specified in the preceding parts of the section. It will be noticed, also, that when the legislature clearly intended to limit the time within which proceedings must be taken, it always stated its purpose affirmatively, whereas the sentence relied on by the appellants is negative in form, thereby showing a design not to express a further limitation, but an extension of the time referred to in the preceding sentences, if and when the circumstance detailed in the last sentence should be found to exist. This is made clear by the language used. The words 'such limitations' in the sentence under consideration can only refer to the limitations theretofore specified, and it is 'such limitations' which 'shall not take effect' until the expiration of the time provided, and not new 'limitations' which shall 'take effect.' It follows that the only point raised must be decided adversely to appellants."

By section 307 of the Workmen's Compensation Act compensation is to be paid in case of death as follows:

"1. To the child or children, if there be no widow or widower entitled to compensation, 30 per centum of wages of deceased, with 10 per centum additional for each child in excess of two, with a maximum of 60 per centum, to be paid to their guardian.

"2. To the widow or widower, if there be no children, 40 per centum of wages.

"3. To the widow or widower, if there be one child, 50 per centum of wages."

By section 307 of the Workmen's Compensation Act compensation is to be paid to the widow for 300 weeks, and in case of children entitled to compensation, the compensation is to continue to the child until the child is sixteen years of age.

Section 307 also provides: "If the compensation payable under this section to any person shall, for any cause, cease, the compensation to the remaining persons entitled thereunder shall thereafter be the same as would have been payable to them had they been the only persons entitled to compensation at the time of the death of the deceased."

Under the above provisions of the act of assembly compensation for death is paid to the widow, if she shall survive her husband, in a graduating scale from 40 per cent. of wages to 50 per cent. of wages, depending on the survival of children under sixteen years of age, and she is paid this compensation for 300 weeks.

A child's individual right to compensation only exists in the absence of a dependent parent, or in cases where a dependent parent remarries during the life of the compensation agreement.

1 D. & C.

Lando v. Philadelphia and Reading Coal and Iron Co.

Laura Lando, being under sixteen years of age, was not entitled to sue for compensation while she had a dependent parent living, and her right in her individual capacity to sue in this case started from the death of her grandmother, and she, having filed her claim petition within one year from that date, is clearly within her rights.

As to the second question raised, Workmen's Compensation Act, par. 7 of section 307 provides: "The term 'child' and 'children' shall include stepchildren and adopted children to whom he stood in loco parentis, if members of decedent's household at the time of his death, and shall include posthumous children."

The referee found as a fact that Laura Lando was raised from her infancy by Frank Lando, and at the time of his death he stood in loco parentis to Laura Lando, in whose home she was living, and at such time Laura Lando was a member of the household of Frank Lando.

In 4 Words and Phrases, 3477, the definition of when a person is "in loco parentis" towards a child is as follows: "The proper definition of a 'person in loco parentis' to a child is a person who means to put himself in the situation of a lawful father to the child with reference to the office and duty of making provision for the child."

In 29 Cyc., 1670: " A person standing in loco parentis to a child is one who has put himself in the situation of a lawful parent by assuming the obligations incident to the parental relation, without going through the formalities necessary to a legal adoption. The assumption of the relation is a question of intention."

In Zumac et al. v. P. T. R. R. and Coke Co., 3 Dept. Reps. 2986: "A child who was a cousin of the deceased was considered by the deceased as his own child, and it was, therefore, entitled to compensation."

We believe that the referee was correct in holding that Frank Lando stood "in loco parentis" to Laura Lando, and that her claim is not barred by the statute of limitations.

And now, to wit, May 8, 1921, the appeal is dismissed, and judgment is hereby directed to be entered in favor of the guardian of Laura Lando and against the Philadelphia & Reading Coal and Iron Company in the sum of $553 and costs of suit.

An exception is noted and bill sealed for the defendant.

From C. M. Clement, Sunbury, Pa.