## Kemmerling v. Adams Express Company.

*Workmen's compensation—Limitation in section 315 of the Act of June 2, 1915—Construction.*

The limitation in the last sentence in section 315 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, which provides that where "payments of compensation have been made in any case," the limitations expressed shall not take effect until the expiration of one year from the time of making the last payment, only applies where there has been no agreement whatever for compensation.

Appeal of defendant from decision of the Workmen's Compensation Board. C. P. Berks Co., Aug. T., 1921, No. 125.

*D. N. Schaeffer & Son*, for appellant; *W. B. Bechtel*, for plaintiff.

BIDDLE, P. J., 9th judicial district, specially presiding, May 29, 1923.—This is an appeal by the defendant from the decision of the Workmen's Compensation Board, which reinstated the compensation allowed to the plaintiff under an agreement made under Accident Report No. 570,984. The claimant was injured on March 7, 1918, while in the employ of the defendant company. No formal written agreement for the payment of compensation was entered into between the parties, but the plaintiff contended that an oral agreement had been made, under which compensation was paid up to May 20, 1918, the total amount so paid being $61.10. Final payment was made May 20, 1918, when the claimant signed a final receipt, and this receipt was forwarded by the defendant to the Department of Labor and Industry, being received by that department within less than a year after the date of the injury on March 7, 1918.

After May 20, 1918, the plaintiff resumed work and continued at work for the defendant and others for some two years thereafter; but in February, 1921, he filed a petition with the Workmen's Compensation Board, averring a recurrence of the disability he received from the injury occurring March 7, 1918, and asking a reinstatement of the compensation that had been allowed him on account of that injury. The petition was referred to a referee, who, after a hearing, at which the defendant was represented, made an award reinstating the compensation, and fixing the amount to be paid at $7.70 per week from Dec. 11, 1920, until such time as his disability ceases or changes

in extent within the limitations of the Workmen's Compensation Act of June 2, 1915, P. L. 736. From that award defendant appealed to the Workmen's Compensation Board, which, after argument, sustained the findings of fact, conclusions of law and the award of the referee, and dismissed the appeal. From this decision of the board the present appeal was taken.

A number of exceptions have been filed by the defendant, which raise, in effect, two questions—one of fact and one of law. First, was there an agreement for compensation between the parties, and, as a matter of law, was the plaintiff's claim barred by the limitations of section 315 of the Workmen's Compensation Act of 1915?

As we view it, the controlling question in this case is whether or not such an agreement as contemplated by the act and recognized by the appellate courts was entered into between the parties. The referee in his report found as follows: "No agreement appears to have been executed between the parties; but compensation was paid, and on May 20, 1918, a final receipt was signed by the claimant."

In regard to this same matter, the Workmen's Compensation Board, in passing on the appeal from the referee's decision, say as follows: "The claimant was injured on March 7, 1918, while in the employ of the defendant company. No formal agreement for the payment of compensation was entered into between the parties, but compensation was paid under verbal agreement up to May 20, 1918, total $61.60, and upon payment of May 20, 1918, the claimant signed a final receipt. The final receipt was forwarded by the defendant to the Department of Labor and Industry."

We think it is clear that the referee intended his finding to be the same as that made by the Compensation Board, and that when he said "no agreement appears to have been executed," he meant that no formal agreement was reduced to writing and signed by the parties, not that he intended to hold that there was not even an oral agreement between them. In our opinion, from the admitted fact that compensation was paid and that the final receipt was taken by the defendant from the plaintiff, and by it filed with the Department of Labor and Industry, we think the finding of the Compensation Board that "compensation was paid under a verbal agreement" is fully sustained.

The receipt in question is headed "Final Receipt for Compensation Paid under a Compensation Agreement or Award." In the body of the receipt the following appears:

"Received May 20, 1918, Reading, Pa.
          (Date.)                    (Place.)
Of Adams Express Co.
          (Employer.)

the sum of $61.60, being the full amount of compensation payable for the period from March 20, 1918, to May 20, 1918, at the rate of $7.70 per week, being the final payment due under the above agreement."

In view of the fact that this receipt was filed by the defendant itself, we do not see how the Compensation Board could have done otherwise than find, as it did, that there was an oral agreement between the parties. As we understand it, it is undisputed that this receipt was filed with the Compensation Board within a year of the time of the accident, and this action would appear to bring this case within the condition mentioned by the Supreme Court in Chase v. Emery Manuf. Co., 271 Pa. 265, where it said: "The commission had its grasp on the compensation agreement within the year."

It is true that some of the expressions in the case just cited would appear to sustain the contention of the defendant, that even where there was an oral

4 D. & C.

agreement of this nature, the limitation mentioned in section 315 of the Compensation Act of 1915 would apply, and that the application for the further payment of compensation would have to be made within a year from May 20, 1918. But, taking that case as a whole, we think that the most that could be based upon it would be to rule that it would be essential to bring the matter to the attention of the Compensation Board within a year from the happening of the accident, and that it would not be essential to have a petition in any particular form, or an agreement for compensation in any particular form, presented to that board, but that it would be sufficient if the board was formally apprised, as it was here, that the parties concerned had entered into an agreement for compensation.

If we are correct in this, the case is then brought squarely within the ruling in Hughes *v.* American International Ship Building Corporation, 270 Pa. 27, where it was held that the limitation of section 315 of the Act of June 2, 1915, only applies where there has been no agreement whatever for compensation.

And now, May 29, 1923, the exceptions to the decision of the Workmen's Compensation Board are overruled, and counsel for plaintiff is directed to draft a decree and present it to this court for approval, after submitting the same to counsel for defendant in the same manner that decrees in cases in equity are prepared and submitted.

From Wellington M. Bertolet, Reading, Pa.