## Wilson v. United States Fidelity and Guaranty Company.

*Workmen's compensation—Suit against insurance carrier—Statement of claim—Insufficiency—Failure to set forth agreement, contract or policy— Act of May 17, 1921.*

1. An injured employee, after his compensation has been determined and there has been a default in the payment thereof, may proceed directly against the insurance carrier by virtue of the provisions of section 651 of the Act of May 17, 1921, P. L. 682, but his right of action is based upon the policy issued by the insurer, as construed and given effect by the statute.

2. The statement of claim in such suit is fatally defective if it fails to set forth or have attached to it any agreement, contract, policy or adjudication showing the basis of the defendant's liability.

3. The partial payment of compensation by an insurance carrier is not sufficient to establish liability, where there is nothing to show that the amount of compensation had ever been adjudicated.

Statutory demurrer.  C. P. Venango Co., Nov. T., 1923, No. 43.

*Q. D. Hastings*, for plaintiff; *A. R. & N. F. Osmer*, for defendant.

CRISWELL, P. J., Jan. 14, 1924.—The plaintiff, while employed by the Chicago Railway Equipment Company, a corporation, was injured on or about Jan. 20, 1921, such injury resulting, as he alleges, in total disability.  He further alleges that the defendant at the time was the compensation insurer or carrier of the said railway equipment company, and, under the law, did promise to pay to him the sum of $12 per week as compensation, and commenced and continued such payments up to the month of November, 1922, the payments so made aggregating $1004; that it then discontinued the payments; that, under the law, the defendant, as such compensation insurer, is liable to the plaintiff for the injury sustained by him at the rate of $12 per week, until it shall have paid the full sum of $5000.  This suit is brought to recover the sum of $3996, being the balance unpaid of the $5000.

There is in the plaintiff's statement no averment of any agreement, oral or written, between the plaintiff and his employer, the Chicago Railway Equipment Company, relative to plaintiff's compensation, approved by the Workmen's Compensation Board or Bureau or not so approved, or that the compensation to which the plaintiff was entitled was at any time fixed by the board or bureau.  Whether or not the payments made by the defendant as aforesaid were made at the instance or request of the railway equipment company does not appear.

There is not attached to the plaintiff's statement of claim a copy of any policy issued by the defendant to the said railway equipment company, nor any averment that any such policy was at any time issued, nor that, if issued, the plaintiff endeavored to procure a copy of the same and was unable to do so. Nor is there in the statement any averment as to the terms of the policy or contract of insurance by which the defendant became liable as compensation insurer or carrier as aforesaid, except the assumption that the defendant became such insurer by a policy or contract in writing entered into by it with the railway equipment company, and that such policy contained all the requirements of the act relating to such policies in force at the time of the accident, certain of which are as follows:  "The same shall contain the agreement of the insurer that, in the event of the failure of the insured promptly to pay any instalment of compensation insured against, the insurer will forthwith make such payments to the injured employee, or the dependents of the deceased employee," and that "such agreement shall be construed to be a direct promise to such injured employee and to such dependents, enforceable

4 D. & C.

by action brought in the name of such injured employee or in the name of such dependents."

Such language refers to policies issued "against liability arising under article III of the Workmen's Compensation Act of June 2, 1915, P. L. 736," and contemplates a determination of the amount of the compensation due the employee under said act, and expressly limits the liability of the insurer to such instalments of compensation, ascertained and determined as aforesaid, as the insured did not promptly pay. There is in the plaintiff's statement no particular averment of any such default, but there is the general averment that the plaintiff has never received any compensation from his employer, the railway equipment company. Could there be any default on the part of the insured to pay such instalments before the same had been duly ascertained as provided by law?

Section 315 of the Compensation Act provides generally that claims shall be barred unless, within one year after the accident, the parties shall agree on the compensation due the employee, or one of the parties shall have filed a petition with the proper board for the purpose of having the same determined. There is here no averment of any such agreement or the filing of any such petition.

The section, however, further provides that where "payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of the making of the last payment. If it be assumed that the payments made by the defendant were so 'made at the instance and request of the insured, the claimant and the insured then had one year from November, 1922, to agree upon the compensation, or petition the board to fix the same, and until this was done the compensation of the injured employee or the liability of the employer remained undetermined. The payment of compensation alone is not sufficient to establish an agreement. To so hold would be to ignore the bar provided by the statute. It is so ruled in an opinion of the board by Commissioner Houck in the recent case of Bell v. Pennsylvania R. R. Co. (District No. 6, Claim Petition No. 17,224). As authority for such position, Hughes v. A. I. Shipbuilding Corp., 270 Pa. 27, and Chase v. Emery Manuf. Co., 271 Pa. 265, are cited. If payments alone did establish an agreement, such agreement would be subject to change and modification by the board, and the claimant would not be entitled to recover payments not yet due. There can be no presumption, therefore, assuming the terms of the policy to be as indicated, that the railway equipment company was in fault, and that by reason of such default the insurance carrier became liable, since the amount of compensation which the plaintiff is entitled to recover has never been determined.

That an injured employee, after his compensation has been determined and there has been default in the payments thereof, may proceed directly against the insurance carrier by virtue of the provisions of the 651st section of the Act of May 17, 1921, P. L. 682, which act repeals and supplies the Act of June 2, 1915, is not doubted. Such legislation is but in line with like provisions in the statutes of many of the states which have been given effect: 1 Bradbury's Workmen's Compensation (2nd ed.), 958, et seq.

While an injured employee has, as indicated, a right of action in certain cases directly against the insurance carrier, such action must necessarily be based upon the policy issued by it, as construed and given effect by the statute. The action has no other basis. The Practice Act of 1915 requires that "every pleading shall have attached to it copies of all notes, contract, book entries . . . upon which the party pleading relies for his claim." As stated, there is

no copy of any such contract attached to plaintiff's statement. The like provision in the Procedure Act of 1887 was held in the Acme Manuf. Co. v. Reed, 181 Pa. 382, to be "imperative; and if the copy of the written or printed contract on which the action is founded, or any part thereof, does not accompany the statement, and its absence is not satisfactorily accounted for, the omission cannot be supplied by averments of the contents or the substance of the missing paper." The like rule would appear to be applicable under the Act of 1915.

Prior to the passage of the Act of July 22, 1919, P. L. 1120 (which is changed in part by the Act of May 17, 1921), it may have been difficult, without considerable expense and trouble, for an injured employee to secure a copy of any such policy, but that act requires a copy of the same to be filed with the Workmen's Compensation Bureau. Thereafter the securing of a copy should not have been difficult.

If the failure to attach a copy of the policy to the statement of claim were the only objection thereto, this could be cured by amendment, but it is not seen how other of the objections thereto could be so cured.

And now, Jan. 14, 1924, after argument and due consideration, it is determined, for the reasons given, that the questions of law raised by the defendant's affidavit of defence should be and are decided in its favor, and that they dispose of the whole of the plaintiff's claim. It is, therefore, ordered that judgment be entered in favor of the defendant and against the plaintiff for costs.

From George S. Criswell, Jr., Franklin, Pa.