# Smith v. Primrose Tapestry Co. (et al., Appellant).

*Workmen's compensation—Award by referee sustained by board and court—Evidence—Appeals.*

1. Where an award of a referee in a workman's compensation case is sustained by the board and the common pleas, the consideration of the appellate court is limited to determining whether sufficient competent evidence was offered to sustain it.

2. Compensation is payable where death occurs within three hundred weeks of the time of the accident, provided the testimony shows it was caused by the injury, or, by reason thereof, an incipient condition was hastened to development ending in the loss.

3. A referee's award of compensation will be sustained where it appears that the workman was in good health prior to the accident, that an injury resulted from the accident, that he had a sudden break down, without any other intervening cause therefor, and that, in the opinion of the physician, who had entire charge of him, death was actually caused by the injury.

*Workmen's compensation—Limitation as to proceedings—Act of June 2, 1915, P. L. 759—Widow's rights.*

4. Whether the death of a workman is immediate after an accidental injury, or follows later, so long as it occurs within three hundred weeks of the injury, the right of the widow to make claim accrues, and continues for one year thereafter.

5. In such case the fact that the workman lived one year after the accident and made no claim for himself, will not defeat the widow's right to file her petition after his death.

Argued November 23, 1925.  Appeal, No. 359, Jan. T., 1925, by insurance carrier, from order of C. P. No. 2, Phila. Co., March T., 1925, No. 7931, sustaining decision of Workmen's Compensation Board, in case of Kiziah Smith v. Primrose Tapestry Co., defendant, and Maryland Casualty Co., insurance carrier, intervenor.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Appeal from decision of Workmen's Compensation Board.  Before STERN, J.

The opinion of the Supreme Court states the facts.

Decision sustained. Maryland Casualty Co., insurance carrier, appealed.

*Error assigned* was order, quoting record.

*Louis Wagner,* for appellant.—The claim is barred by limitations: Horn v. R. R., 274 Pa. 42; Hughes v. Am. I. S. C., 270 Pa. 27.

The testimony permits only a conjecture as to the site of the alleged injury and the relation thereto of death from cancer 22 months later: Howard Express Co. v. Wile, 64 Pa. 201; Blasband v. P. R. T., 42 Pa. Superior Ct. 325; Huston v. Boro., 212 Pa. 548; McCauley v. Woolen Mills, 261 Pa. 312; McCoy v. Steel Co., 275 Pa. 422.

The medical testimony does not show the death followed the injury as a natural and producing cause or probable consequence: Fink v. Spring Co., 270 Pa. 476; McCoy v. Steel Co., 275 Pa. 422.

*Harry C. Most,* for appellee, cited: Koons v. Ry., 281 Pa. 270; McCrosson v. Transit Co., 283 Pa. 492; Kelly v. Watson Coal Co., 272 Pa. 39; Watson v. Coal Co., 273 Pa. 251; Zukowsky v. C. & I. Co., 270 Pa. 118; Guyer v. Gas Co., 279 Pa. 5.

OPINION BY MR. JUSTICE SADLER, January 4, 1926:

George Smith, a skilled laborer employed by the Primrose Tapestry Company, was engaged, on December 9, 1921, in unloading a box from a truck, as a part of his regular work. It slipped and fell against him, causing the injury which, it is claimed, later resulted in death. The only external mark produced was a bruise on the side. On the same day, the deceased was placed in the care of his family physician, a Dr. Davis, who furnished such medical treatment as was believed necessary. Though previously in good health, Smith became pro-

gressively worse, and his ability to perform even the minor duties assigned by the employer ended, and his incapacity to further labor became complete.   In the hope of alleviating the condition, which refused to yield to constant professional care, he was removed, on April 13, 1923, to a hospital, and operations were performed for the removal of the coccyx, the tonsils and teeth.   No improvement resulted, and, in August, he was treated at a second institution, where another physician furnished attention until October 1st.   Dr. Davis thereafter resumed control, and remained in charge until death ensued on October 30th.   The existence of a sarcoma, at a point below the first noticed bruise, was discovered when the post-mortem examination was had. During the lifetime of the employee, the decedent presented no claim for an allowance to the Workmen's Compensation Board,, but, within one year after his decease, a petition was filed on behalf of the dependents.   An award against the employer, and the Maryland Casualty Company, the insurance carrier, which had intervened as a party defendant, was sustained by the board and the court of common pleas.   From this order the present appeal was taken.

The referee found as a fact that there was a causal connection between the injury and the death, and therefore allowed the claim.   In view of this conclusion, later approved, as noted, our consideration is necessarily limited to determining whether sufficient competent evidence was offered to sustain it.   If justified, the legal determination of liability follows: Watson v. Lehigh Coal & Nav. Co., 273 Pa. 251.   Compensation is payable where death occurs within three hundred weeks of the time of the accident, provided the testimony shows it was caused by the injury, or, by reason thereof, an incipient condition was hastened to development, ending in the loss: Kelly v. Watson Coal Co., 272 Pa. 39; Guyer v. Equitable Gas Co., 279 Pa. 5; Whittle v. National A. & C. Co., 266 Pa. 356; Grobuskie v. Shipman Koal Co.,

80 Pa. Superior Ct. 349.  More must appear than a mere possibility of some causal connection (Morgan v. P. & R. C. & I. Co., 273 Pa. 255; McCoy v. J. & L. Steel Co., 275 Pa. 422), and if such facts as lead to this conclusion are not disclosed, an affirmative finding of the referee to this effect cannot be sustained: Gausman v. Pearson Co., 284 Pa. 348.  To meet the burden in the present case, it was proved that Smith had been in good health prior to the accident, and that injury resulted therefrom, making necessary immediate medical attention, which was continued regularly until the time of his death.  No other intervening cause for the sudden breakdown appeared,—a matter which is to be considered: Blasband v. P. R. T. Co., 42 Pa. Superior Ct. 325.  The doctor who was in charge of the patient for the whole time until death, except during the months of August and September of 1923, testified positively that, from his observation of the case, he believed the cancer, as a result of which death ensued, arose from the injury.  Of all persons, he was best qualified to give a professional opinion.  The evidence showed sufficiently his competency to express a judgment, and his reasons for the conclusion asserted were fully explained.  His statement showed that the death not only possibly resulted from the injury, but that it was actually caused by it.  This was sufficient, and fully justified the finding of the referee in regard thereto: Balch v. Budd Mfg. Co., 277 Pa. 548.

It is contended in the present case that no recovery can be permitted, even though the relation between the injury and death has been established, since the claim for compensation by the dependents was not presented in time.  As hereinbefore noted, the accident occurred on December 9, 1921, and no request for an allowance, on account of the personal injury, was made by Smith, nor was any compensation agreement entered into during his lifetime.  He survived until October 30, 1923, and it was not until the March following, though within one year of his death, that the widow presented her petition.

This makes necessary a consideration of the provisions of the applicable statute by which the rights of the parties within its purview are defined and limited, and the period, during which demand must be made, is fixed. "The time limit in which claims might be filed was placed in the act not only to produce a uniform practice, but to enable employers to know the period of time they could be called upon to respond for just claims, so that they might not be constantly expecting stale claims of doubtful merit": Horn v. Lehigh Valley R. R. Co., 274 Pa. 42, 44. The limitation expressly named controls, and proceedings to be effective must be commenced within the time designated. The statute will not, however, be extended by construction so as to cover cases not within the words of the act: Siplyak v. Davis, 276 Pa. 49. Thus, a compensation agreement, entered into within the year, may be reviewed when more than that time has gone by (Hughes v. American I. S. Co., 270 Pa. 27), or a petition filed during that period may be amended thereafter (Garvin v. Diamond C. & C. Co., 278 Pa. 469), or a new one substituted: Vitkovic v. Pa. Clay Co., 278 Pa. 474; Kopecky v. Moshannon Coal Co., 278 Pa. 478.

The Workmen's Compensation Act (June 2, 1915, P. L. 758) provides, under certain circumstances, for awards to employees where losses are sustained in the course of their work, and sets forth a schedule fixing the extent and manner of payment. A distinction is drawn between claims for personal injuries, resulting in total or partial disability, and those terminated by death (section 306, 307). When the petition to the board is of the former class, it must be presented within one year from the date of the accident. If allowed, and death follows before payment for the full number of weeks, the dependents are entitled to recover the amount remaining unsatisfied, and may make their claim therefor, though more than twelve months have elapsed from the date of the injury: Dime T. & S. D. Co. v. P. & R. C. & I. Co., 78 Pa. Superior Ct. 124.

The limiting section of the act (section 315) provides for the institution of the proceeding by the one injured within a year, and, by a separate clause, for a presentation of claims by dependents within a like period after death. Appellant contends that since Smith presented no petition for an award during his lifetime, which continued for more than one year after the accident, any cause of action on his part would have been barred had he survived and made claim, so also the right of the dependents to recover is precluded by the lapse of time, the widow not having proceeded until March 8, 1924, whereas the injury was inflicted on December 9, 1921, resulting in death on October 30, 1923. There are not, however, any words used in the act which justify the construction contended for. What was intended by "personal injury" and "death," as employed in the statute, was expressly set forth (article III, section 301), and the legislative purpose made clear. If we read the applicable portion of section 315, in light of the rule fixed, the clause will thus appear: "In cases of death, all claims for compensation shall be forever barred, unless, within one year after death, the parties shall have agreed upon the compensation under this article; or unless, within one year after the death [resulting from such violence and its resultant effects, and occurring within three hundred weeks after the accident.... section 301], one of the parties shall have filed a petition as provided in article IV hereof." When so read, and this is imperative, in view of the express legislative direction that it shall be, all doubts as to the proper construction vanish. Whether the death is immediate, or follows later, so long as it occurs within three hundred weeks of the injury, the right of the widow to make claim accrues, and continues for one year thereafter. The forced delay naturally makes more difficult the proof of the causal connection between the accident and death,—a fact which the claimant must affirmatively establish,—yet there is no statutory bar to filing a petition within the limits

mentioned.   In so deciding, under the facts here presented, there was no error.

The judgment is affirmed.