From George Ross Eshleman, Lancaster, Pa.

---

## Snyder v. Rhoads.

*Workmen's compensation—Appeal from board—Exceptions.*

1. When the Compensation Board in a workmen's compensation case disposes of an appeal from a referee's award without a hearing *de novo*, without findings of its own, and solely upon findings of fact and conclusions of law made by the referee, excerpts from the board's opinion, whether relating to questions of fact or law, cannot be made the ground of exceptions on appeal to the Court of Common Pleas.

*Workmen's compensation—Causal relation between accident and injury— Opinion of medical experts.*

2. Where medical testimony is relied upon to show a connection between an alleged cause and a certain result, the expert witnesses must testify, at least, that, taking into consideration all the attending data, it is their professional opinion that the result in question most probably came from the cause alleged.

Appeal by the defendant from an order of the Compensation Board affirming an award of the referee. C. P. Schuylkill Co., May T., 1926, No. 348.

*C. W. Standenmeier*, for plaintiff; *E. J. Flynn*. for defendant.

Snyder v. Rhoads.

BERGER, J., May 3, 1926.—This is an appeal by the defendant from an order of the Compensation Board affirming an award of compensaton made by the referee to the claimant. The claimant was a teamster for the defendant, employed to haul timber and to deliver it to the mines. In his claim petition he alleges that on March 5, 1925, he hauled timber for the defendant to the Bancroft Colliery, near Ashland, and that, while so engaged, a mule in his team, consisting of six head, tramped on the second toe of his left foot, causing a "partial evulsion" of it, resulting in a period of total disability and requiring medical, surgical and hospital services, which the defendant procured for him at the State Hospital at Ashland. The defendant made answer to the claim petition, denying that the claimant was injured in the course of his employment, and charging that the disability was due to the fact that claimant's feet were frozen when he was no longer in defendant's employ or engaged in the furtherance of his employer's business.

From the evidence taken before him and the admissions in the answer, express or implied, the referee made findings numbered, inter alia, (1) that the claimant was injured on March 5, 1925, as alleged in his petition, and that he received medical treatment, beginning with March 19, 1925, at the State Hospital; (2) that the claimant remained in the hospital until May 24, 1925, and was totally disabled from March 7, 1925, to May 24, 1925; (3) that claimant's weekly wage when injured was in excess of $20; and (5) that defendant learned of the accident( on the day of its occurrence (March 5, 1925). The referee made an award to the claimant for total disability at $12 per week for the period from March 17, 1925, to May 24, 1925, amounting to $118. The defendant appealed to the board, evidently intending to make his appeal pursuant to section 423 of the Act of June 26, 1919, P. L. 642, which is amendatory of the Workmen's Compensation Act of June 2, 1915, P. L. 736, and based his appeal (1st exception) on the ground that the referee's 1st, 2nd, 3rd and 5th findings of fact were unsupported by the evidence, and (2nd exception) that the award "was unwarranted by the evidence." In other words, the defendant appealed to the board on the ground that there is no competent evidence to sustain the award of the referee, and the board, so regarding the appeal, held that there was competent evidence to sustain the award, and affirmed the referee. The board held no hearing de novo, made no findings of fact, and founded its action solely on the findings made by the referee.

The defendant then appealed from the order of the board affirming the award of the referee (pursuant to section 427 of the Compensation Act, as amended in 1919), and filed four exceptions to support it. The first three exceptions charged that "the referee, and the board in affirming him, erred in findings of fact as follows," and set out in detail the alleged unsupported findings. An examination of each of these exceptions discloses that the alleged erroneous findings of fact assigned as error are neither findings made by the board nor by the referee, but mere excerpts from the board's opinion, intended by the board to make clear its reasons for sustaining the referee's findings of fact. When the Compensation Board disposes of an appeal from a referee's award without a hearing de novo, without findings of its own, and solely upon findings of fact and conclusions of law made by the referee, excerpts from the board's opinion, whether relating to questions of fact or of law, cannot be made the ground of exceptions on appeal: Romack, Claimant, v. The Philadelphia and Reading Coal and Iron Co., 8 D. & C. 191, 22 Schuyl. Legal Rec. 211. The first three exceptions are, therefore, dismissed because

Snyder v. Rhoads.

they raise no question for decision. But, aside from this, the 1st, 2nd, 3rd and 5th findings of fact made by the referee are well supported by the evidence.

The 4th exception is as follows: "Board erred in affirming the findings of fact, conclusions of law and the award of the referee and dismissing the appeal." This exception will be considered in so far only as it challenges the sufficiency of all the evidence to sustain the award made by the referee and affirmed by the board. The injury to the claimant in the course of his employment on March 5, 1925, and his resultant disability from March 7, 1925, to March 19, 1925, which was direct, is established by his own testimony. The claimant's disability for the further period from March 19, 1925, to May 24, 1925, is also well established, but the cause of the disability during this period has neither been found by the referee nor proved by competent evidence. From March 7, 1925, to March 19, 1925, the claimant did not work. On the latter date he was examined by Dr. H. G. Fortner, who was called as a witness for the defendant before the referee. Dr. Fortner testified that the foot which the claimant said was injured March 5, 1925, had been frozen and was blistered. He advised the claimant to go to a hospital for treatment, and he went to the State Hospital at Ashland the same day. Dr. J. P. Roth, one of the physicians on the hospital staff, called as a witness by claimant, testified that he saw him the first time in the hospital on the morning of March 20, 1925. The claimant had gangrene of the left foot, which "is the fourth stage of freezing," and it (gangrene) may also come from a destruction of tissue caused by a wound. The claimant was treated for gangrene of the foot until he was well, and Dr. Roth, having been asked by claimant's attorney whether the gangrene was the natural result of the injury to claimant's left foot on March 5, 1925, said it was *possibly* due to that cause.

It is entirely clear that the claimant's disability from and after March 19, 1925, was not the direct result of the original injury, but was the direct or immediate result of the gangrenous condition of the foot. Under these circumstances, the claimant, to make out his claim for compensation, was required to show by expert testimony a causal connection between the original injury and the grangrenous condition of the foot. His counsel well knew this, else he would not have attempted to prove that causal connection by Dr. Roth. No proof of a causal connection between the original injury and the disability on and after March 19, 1925, has been made. In McCoy v. Jones & Laughlin Steel Co., 275 Pa. 422, 425, Moschzisker, C. J., reaffirmed the well established rule that in cases of the class now before us, when "expert testimony is relied on to show the connection between an alleged cause and a certain result, it is not enough for the doctors to say simply that the ailment in question might have resulted from the assigned cause, or that the one could have brought about the other; they must go further and testify at least that, taking into consideration all the attending data, it is their professional opinion the result in question most probably came from the cause alleged." And in Smith v. Primrose Tapestry Co., 285 Pa. 145, 148, Sadler, J., said that more must appear than a mere possibility of some causal connection between the original injury and the condition which produces the disability. The 4th exception, to the extent that it challenges the award, is, therefore, sustained.

The record is remitted to the board for further hearing and determination, and for a specific finding of fact respecting the cause of the claimant's disability from March 19, 1925, to May 24, 1925.

From M. M. Burke, Shenandoah, Pa.