## BRYANT et al. v. DEMO et al.

No. 23786. Opinion Filed May 2, 1933.

Hal Couch and Philip N. Landa, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent and its insurance carrier before the State Industrial Commission, to review an award in favor of the claimant therein.

The claimant received an accidental personal injury arising out of and in the course of his employment, which was caused by a sack of cement falling over his head

196

and face and into his eyes and ears. An agreement was made as to a 28 per cent. loss of vision in the right eye. That agreement was approved by the Commission and the claimant was paid compensation therefor in the amount of $504. There was no reference in the award of the Commission as to the condition of the claimant's left eye or ears. In the award jurisdiction was retained by the Commission to consider any change of condition as a result of the injury complained of. About one year thereafter the claimant filed a motion to reopen the case on the ground of a change of condition. He alleged that by reason of the original injury he had sustained a 60 per cent. loss of vision in the right eye, a 50 per cent. loss of vision in the left eye, partial loss of hearing in the right ear, and a scar on the right side of his neck. After a hearing the Commission made an award which was based on a finding of a 30 per cent. loss of vision in the right eye and a 10 per cent. loss of vision in the left eye, which the Commission found to amount to 20 per cent. loss of vision in both eyes, and he was awarded the sum of $1,800 therefor, and an additional sum of $200 for loss of hearing and disfigurement, the amount theretofore paid to be credited thereon.

The award was based on the finding of a change of condition resulting from the original injury. There was not a change in, or a correction of, the original award. There was ample evidence to sustain the second award, the evidence consisting of statements of the claimant and of medical experts. While the evidence as a whole is somewhat conflicting, this court will not weigh the same.

The award conforms to the rule stated in E. G. Fike Co. v. Vice, 158 Okla. 243, 13 P. (2d) 143, and it is sustained.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ.. concur. RILEY, C. J., and BUSBY and WELCH, JJ., absent.