(No. 6067.   December 16, 1933.)

MABEL SMITH, Personally and as Guardian for LEORA SMITH, MARIAN SMITH and PHILIP SMITH, Minors, Appellants, v. WHITE PINE LUMBER COMPANY, a Corporation, Employer, and STATE INSURANCE FUND, Surety, Respondents.

[27 Pac. (2d) 965.]

Frank Kimble and Cox, Martin & Ware, for Appellants.

G. C. Pennell, for Respondents.

GIVENS, J.—Otto Smith, for whose death compensation is sought herein, husband and father respectively, of appellants, was working for the respondent employer, on a ladder against a lumber pile, which slipped, whereby he fell across another lumber pile at the bottom, and suffered a fractured thigh, July 31, 1931.

The deceased recovered from such immediate injury to the hip, and returned to, and remained at work from September 1, for a few days when he complained of severe pains in his back, and from an examination and diagnosis made the early part of April, 1932, it was determined that he probably had a cancer of the prostate gland and a tumor immediately in front of the third lumbar vertebra. He was urged to have an operation, but declined, and growing progressively worse, died, August 1, 1932.

Compensation was paid for the accident and his injuries until the time he returned to work. Compensation is sought herein on the theory that the accident either caused, or so aggravated the cancer, as to be the real cause of his death.

Dr. Robertson testified for the appellants that the accident did not cause the cancer, but that the cancer could have been aggravated by the injury. That his death would probably not have been quite so soon without the injury, though that would be hard to tell and that he imagined deceased would have lived longer if not exposed to the injury and outside work. That there were no external appearances to indicate the location of the injury, after deceased returned to work, except a very tender spot about the lumbar region above the pelvis at the belt-line. That he diagnosed the tumor, but not the cancer, but that he thought probably there was cancer.

Dr. Robertson performed an autopsy and sent one-half of the cancer and tumor to the Hollister-Stier Laboratory in Spokane for examination. The report of this examination by Dr. Stier was later, by stipulation, admitted, and detailed the condition and construction of the tissues sent for examination and concluded:

" . . . . I think one can definitely say that the history of injury here had no bearing upon the *origin* of the malignancy." (Italics ours.)

Doctors Pappenhagen and Hopkins, having examined the deceased at the time of his accident, both testified for the defense that in their opinion he had a cancer and tumor, but that the injury did not cause the cancer, and that the falling from the lumber pile did not aggravate the cancer or cause it to develop more rapidly than it otherwise would have. No doctor stated when the cancer originated, though two years was given as the average time for death to ensue from such a cancer.

Thus all four doctors agree that the injury did not cause the cancer, though the cancer was the cause of death, Dr. Robertson believing that the injury did aggravate the cancer, the others being of the opinion it did not.

The board found as a matter of fact:

" . . . . that neither said carcinoma of the prostate gland nor said tumor on the anterior lumbar vertebra was caused or in any way affected by the injury which said Otto

Oswold Smith sustained on the 31st day of July, 1931, as hereinbefore stated.''

Which decision was affirmed by the district court.

██ The appellants virtually conceding that they must overcome the general proposition, that a finding by the board on sufficient though conflicting evidence cannot be set aside by the courts, contend that:

'' . . . . Where a normal, healthy individual who is working regularly and supporting his family receives an injury by accident in the course of and arising out of his employment and thereafter his health steadily declines and a cancerous condition in the vicinity of the injury thereafter causes the death of the employee, the causal connection between the injury and the cancerous condition is established and the death is compensable under the Workmen's Compensation Act, on the theory that the cancer was either caused by such injury or developed into malignant activity thereby.''

Appellants cite numerous cases wherein the courts have sustained a finding by the board on no more evidence · than herein that there was such causal connection.[1] No cases are, however, cited, nor have we found any, which hold as a matter of law that a contrary finding of the board should be set aside.

Three doctors testified positively that there was no connection between the accident and the cancer; opposed was testimony of one doctor that there was.

[1] *King v. Munising Paper Co.*, 224 Mich. 691, 195 N. W. 812; *Smith v. Primrose Tapestry Co.*, 285 Pa. 145, 131 Atl. 703; *Lewis v. Port of London Authority*, 7 B. W. C. C. 577, 111 L. T. Rep. 776; *Winchester Milling Corp. v. Sensindiver*, 148 Va. 388, 138 S. E. 479; *Ascher Bros. Amusement Enterprises v. Industrial Commission*, 311 Ill. 258, 142 N. E. 488; *Gaetz v. City of Melrose*, 155 Minn. 330, 193 N. W. 691; *Whittle v. National Aniline & Chemical Co.*, 226 Pa. 356, 109 Atl. 847; *Ralph H. Simpson Co. v. Industrial Acc. Com.*, 337 Ill. 454, 169 N. E. 225; *Poumeroulie v. Postal Tel. & Cable Co.*, 178 Mo. App. 357, 165 S. W. 1174; *Continental Casualty Co. v. Industrial Commission*, 75 Utah, 220, 284 Pac. 313; *Pfeiffer v. North Dakota Workmen's Compensation Bureau*, 57 N. D. 326, 221 N. W. 894.

From a careful analysis of the testimony we cannot say that the testimony of the three could, or should, be discredited, and if we do not do so there is no basis to say that there is not sufficient evidence for the board's decision, and the determination herein involves a question of fact peculiarly within the province of the board or triers of fact. (*Marlow v. Commerce Mining & Royalty Co.*, 163 Okl. 198, 21 Pac. (2d) 746; *Bryant et al. v. Demo et al.*, 163 Okl. 195, 21 Pac. (2d) 747; *Vecchio et al. v. Industrial Commission et al.*, (Utah) 22 Pac. (2d) 212; *Odems et al. v. King et al.*, (Okl.) 23 Pac. (2d) 379; *McArthur v. Department of Labor and Industries*, 173 Wash. 701, 23 Pac. (2d) 417; *Tassi v. A. C. L. Haase & Sons Fish Co. et al.*, (Mo. App.) 56 S. W. (2d) 797; *Smith v. Primrose Tapestry Co.*, 285 Pa. 145, 131 Atl. 703; *Landry v. Phoenix Utility Co.*, 14 La. App. 334, 124 So. 623; *Hogan v. Twin City Amusement Trust Estate et al.*, 155 Minn. 199, 193 N. W. 122; *Ralph H. Simpson Co. v. Industrial Commission et al.*, 337 Ill. 454, 169 N. E. 225.)

It·appears necessary to again call attention to the fact that transcripts on appeal in connection with the Workmen's Compensation Act should conform to the rules of this court in regard to the preparation thereof. The one herein does not conform to rule number 14.

Judgment affirmed; costs to respondents.

Budge, C. J., and Wernette, J., concur.

HOLDEN, J.—I concur in the conclusion reached.

MORGAN, J., Concurring.—The judgment should be affirmed because the evidence is insufficient to support the theory that cancer, which caused the employee's death, resulted from, or was in any way affected by, accident. I am opposed to basing the decision as to the weight and sufficiency of the evidence on the findings of the industrial accident board for the reasons expressed in the dissenting opinion in our recent case of *Larson v. Callahan Canning Co., ante*, p. 746, 27 Pac. (2d) 967.