# Chase *v.* Emery Manufacturing Co.

*Workmen's compensation — Course of employment — Traveling salesman.*

1. A traveling salesman, who must frequently perform obliging services not strictly relating to the sale of commodities entrusted to him; but which aid such sales, will be deemed to have been injured in the course of his employment, if it appears that he was run down by an automobile while doing a personal favor to a customer to whom he had shortly before made a sale.

*Workmen's compensation—Agreement between employer and employee—Fixing liability on insurance carrier.*

2. An agreement between an employer and an injured employee to file a complaint under the Workmen's Compensation Act, is not improper, because the purpose of the agreement was to fix liability on the insurance carrier.

*Workmen's compensation—Payments by employer—Limitations —Estoppel—Appeal—Section 315 of Act June 2, 1915, P. L. 736.*

3. Where an employer has agreed, whether in writing or not, to make payments to an injured employee under the Workmen's Compensation Act, the limitation of one year provided by section 315 of the act, will begin to run from the last payment; but this limitation does not apply to the right of review.

4. It must clearly appear in such case that the amounts were paid and received as compensation for injury or death, and not as wages for employment.

5. Where an injured employee has received certain payments from his employer, some of which were for compensation and some as a gratuity, he may file a petition for compensation at any time within one year from the last payment, against the employer and insurance carrier.

6. If in such case it appears that the employer made no defense and that the insurance carrier intervened and objected at every step in the proceedings, the latter is in court by its voluntary act, and,

after a decision against it, is estopped from claiming to be a stranger to the record.

7. An award, in such case, made by the referee against the carrier for the full amount of the claim should be permitted to stand and credit given for the number of payments made by the employer, without prejudice to the employer's right to recover the amount from the insurance carrier.

*Appeals—Assignments of error—Workmen's compensation—Exceptions—Limitation as to appeal.*

8. Where, on an appeal from a decision of the Workmen's Compensation Board, the court below sustained exceptions of the claimant thereto, thereby adopting the referee's findings, assignments of error, on appeal to the Supreme Court, should be to the action of the court below in sustaining the relevant exceptions.

Argued April 19, 1921. Appeal, No. 425, Jan. T., 1921, by the United States Fidelity & Guaranty Co., insurance carrier, from order of C. P. Clearfield Co., Sept. T., 1920, No. 212, sustaining appeal from decision of Workmen's Compensation Board, which sustained appeal from award of referee, in case of J. W. Chase v. Emery Manufacturing Co. and the United States Fidelity & Guaranty Co. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Judgment modified.

Appeal by claimant from decision of Workmen's Compensation Board.

Exceptions to decision. Before BELL, P. J.

The opinion of the Supreme Court states the facts.

The court sustained the appeal; the United States Fidelity and Guaranty Co., insurance carrier, appealed.

*Errors assigned,* among others, were (1) order sustaining appeal, quoting it; (2, 3, 4) affirmance of certain findings of the referee, quoting in each the finding of the referee and the order of the court; (5) affirmance of award of referee, quoting it.

*J. Roy Dickie,* of *Wishart & Dickie,* with him *A. M. Liveright,* for appellant, cited: Bolden v. Greer, 257 Pa. 513.

*A. R. Chase,* for appellees.

OPINION BY MR. JUSTICE KEPHART, May 26, 1921:

The United States Fidelity & Guaranty Company, an insurance carrier, appeals from an order of the court below reversing the Workmen's Compensation Board and directing the payment to be made by defendant or the insurance carrier for the disability of plaintiff. Four questions are presented by the record in this case. Was the claimant acting within the course of his employment? If so, was his claim barred by section 315 of the Compensation Act? Was the order directing the insurance company to pay within the jurisdiction of the referee or the court below, and should the amount be modified by the sum already paid by defendant?

The referee found, on evidence amply sufficient, that plaintiff was injured in the course of his employment. He was a traveling salesman, whose duties required him not only to be attentive in securing orders for his employer, but, to be a successful salesman, he must be courteous and obliging, frequently performing services not strictly relating to the sale of the commodity entrusted to him, but which aid in its sale because of the accommodation and consideration of the agent.

Claimant was employed by an oil concern to sell its product. He had a customer who, while attending the county fair at Clearfield, gave him an order for oil. The customer became separated from his party at the fair, and told the agent that, if he could not find them, he wished to be taken home in the salesman's car; claimant was to go to his own home and wait for a telephone call at ten o'clock. While on his way to get the call, within one hundred feet of his home, he was struck and badly injured by an automobile. From these facts an accident

in the course of employment was found and we concur in that finding.

Appellant urges the claim should be disallowed because claimant and defendant employer had agreed to file this complaint, in order to fix liability on the insurance carrier. We see nothing improper in this. The insurance company was liable for the risk undertaken, and there is nothing wrong if the proceeding to enforce liability is started by agreement between the employer and employee. To affect the carrier, compensable liability must still be established, and the carrier may interpose any defense allowed by law; claimant must present his claim in due time and show an injury in the course of his employment; nor does the amount paid plaintiff over that allowed by law as compensation alter this conclusion. It was shown to be a pure gratuity.

Does section 315 bar the claim? The latter part of this section reads: "Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of the making of the last payment." This section was placed in the act to prevent imposition on unwary employees; that is, to prevent money being paid for a period of time after an injury under some verbal arrangement, causing the employee to neglect presenting the agreement in some form as provided by law. The year limitation, under the act, would begin to run from the last payment. On the other hand, employers should not be subjected to imposition through faked or unlawful claims, or claims for illness that have no causal connection with the injury received in the course of employment; therefore the act says "payment of compensation," which means an amount received and paid as compensation for injury or death of an employee occurring in the course of employment. It must clearly appear the amounts were so paid and received as compensation under the act, and not as wages for employment, and the disability or further disability must be attributable to an injury

for which such compensation had been paid. Where compensation as such has been paid under a written or oral agreement, the year limitation within which the petition must be presented begins to run from the last payment. In Hughes v. American International Shipbuilding Corporation, 270 Pa. 27, we held that, when compensation had been paid under a written agreement, filed with the board under the act, the board had jurisdiction to review it though more than one year had elapsed since the last payment. There is no limitation of time on the right of review. In that case the commission had its grasp on the compensation agreement within the year, and appellant there endeavored to read into the right of review by the board the time limit fixed by section 315. This it was held could not be done, for the reasons stated in the opinion; it will be noticed in this connection that, under section 423 of article 4, the agreement before the board shall be subject to review "at any time" "on proper cause shown," and, by section 413 of the same act, such agreement may, "at any time," by review, be modified or set aside, and, by section 434, a final receipt may, upon proper cause, be set aside.

In the case before us, it clearly appears in the evidence the sum allowed under the act was paid and received by the claimant as compensation, and the balance given as a gratuity. As the petition for compensation was within one year from the time of the last payment, it was within the time prescribed by the act, and defendant, with the insurance carrier, was liable for future payments to the claimant, though the insurance carrier had not paid any of these claims. Whether the employer may recover from the insurance carrier for the amount he has paid as compensation, may depend on the agreement between the carrier and defendant; but, as to future payments, under the circumstances of this case, there is no doubt as to the carrier's liability.

On the third question, which involves the right of the court to make an order against the carrier in this pro-

ceeding, we can do no better than quote from the opinion of the learned judge of the court below in sustaining the order. "Every adverse step taken was by the insurance company. The employer never denied liability or resisted an award. The insurance carrier is not formally on the record as a party, but it has conducted the controversy from the beginning. At the original hearing before the referee its adjuster appeared and took part in the proceedings. The insurance company filed the answer to the claimant's petition, made the defense, took the appeal from the award of the referee and contested the appeal taken to this court by both the claimant and employer. At no stage of the proceedings are we able to find the insurance carrier has, at any time, denied the authority of the proper tribunal to make award against the insurance carrier, and the specific errors alleged in the appeal from the action of the referee certainly raise no such question. Whether the language of the act be clear or not, this insurance company is in court by its voluntary act. It cannot hide behind the Emery Manufacturing Company, interpose a defense which that defendant did not and would not make and then claim to be a stranger to the record." This is a conclusive answer to appellant's contention; we need not decide what the law might be if these facts were not present. Appellant is estopped from asserting it is not bound by the order of the court.

On the last question, the court below modified the order of the referee by making the time run from January 1st, with the same number of payments and the same amount of money to be paid claimant. He should have permitted the order of the referee to stand and given credit for the number of payments made by defendant, the order to be without prejudice to defendant's right to recover this amount from the insurance carrier. This was evidently the intention, but it does not seem to be clear. We will therefore modify to the extent that claimant will receive, in all, the sum of $4,000 and other ex-

penses, the sum already paid as compensation when petition was filed, at the rate fixed, to be credited. The court below will make the necessary decree to carry this order into effect.

Attention should be called to the form of the assignments of error. What the court below did was to sustain certain exceptions of the claimant. These should be assigned as error. There was an appeal from the referee to the board; no exceptions were filed to it, and the court below, in adopting the referee's findings, did so in sustaining the exceptions of claimant. A proper form would be to assign the action of the court below in sustaining the relevant exceptions.

As thus modified, the judgment of the court below is affirmed, at the cost of appellant.