## McGuirk *v.* Sun Shipbuilding Co. et al., Appellants.

*Workmen's compensation—Practice—Appeals — Question upon appeal—Evidence—Review—Act of June 26, 1919, P. L. 642.*

While under the Act of June 26, 1919, P. L. 642, amending the Workmen's Compensation Act the appellate court has the entire record before it, its revisory powers are limited to a determination of the question whether there is evidence to support the findings and whether the law has been properly applied to them.

In a case where a number of very eminent doctors failed to agree as to whether a cataract on the claimant's eye was caused by an accident, or was senile in its nature, the court, upon appeal, found that the Workmen's Compensation Board was justified in finding that the injury was due to an accident.

Syllabus—Assignment of Error.   [80 Pa. Superior Ct.

*Workmen's Compensation—Statute of limitations—Claim not made within a year of accident—Toll of statute—Payments—Act of June 2, 1915, P. L. 736, section 315.*

In an appeal from an award of compensation the defendant pleaded the bar of the statute of limitations—as expressed in section 315 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, providing that all claims shall be forever barred unless a petition is filed within one year or payments of compensation shall have been made within such period. It appeared that no claim petition was filed within a year of the accident. The compensation officer of the employer company had made no payment by way of compensation to the claimant. The president and treasurer of the company, however, made him certain payments and while they did not come through the regular compensation channels of the company, they were charged to liability insurance. The claim petition was filed within a year of those payments. *Held:* Such payments were sufficient to toll the statute within the provisions of section 315 of the act.

Argued November 21, 1922. Appeal, No. 114, Oct. T., 1922, by defendant, from judgment of C. P. Delaware Co., June T., 1921, No. 292, affirming award of Workmen's Compensation Board and entering judgment for plaintiff thereon, in the case of John McGuirk v. Sun Shipbuilding Company, defendant, and Liberty Mutual Insurance Company, insurance carrier. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board. Before BROOMALL, J.

The facts are stated in the opinion of the Superior Court.

The court below affirmed the award and entered judgment thereon in favor of the plaintiff in the sum of $1,100. Defendants appealed.

*Error assigned,* inter alia, was the judgment of the court.

*Benjamin O. Frick,* and with him *J. Borton Weeks, Evans, Bayard & Frick* and *Hannum, Chadwick & Weeks,* of counsel, for appellants.—The power of the court to review the findings of the board is well settled: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163.

The appellants have a substantive right to have all the testimony considered: Hennessey v. United Stove R. Co., 68 Pa. Superior Ct. 553.

Where a petition for compensation is not filed until more than a year after an accident, petitioner cannot recover, although within the year the employer made a payment for hospital and medical expenses: Paolis v. Tower Hill Connellsville Coke Co., 265 Pa. 291.

*Joseph H. Taulane,* and with him *Albert Dutton Mc-Dade,* for appellee.—Inasmuch as there is evidence to justify the finding of the board, this court has no power to review the evidence and come to a different conclusion: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163.

The claim is not barred by the statute of limitations: Hughes v. American I. S. Corp., 270 Pa. 27; and the finding of the board on this question of fact is conclusive: McCauley v. Imperial Woolen Co. et al., 261 Pa. 312; Poluskiewicz v. Phila. & Reading Coal Co., 257 Pa. 305.

OPINION BY TREXLER, J., March 2, 1923:

The plaintiff alleges that while lighting a furnace on April 8, 1919, there was an explosion or back-fire which threw oil or dirt into his right eye causing a cataract, which resulted in almost total blindness of the right eye. His claim petition was filed more than one year after the alleged accident, but claimant alleges that compensation had been paid to him within the year. The referee found that the blindness from which the claimant suffered was not the result of the accident, but the board after a very thorough hearing at which a very earnest effort was made to arrive at the facts in the case, decided in favor of the claimant and the court of com-

mon pleas to whom the appeal was taken, came to the same conclusion. We are now asked to review the case.

"While under the Act of June 26, 1919, P. L. 642, amending the Workmen's Compensation Act of June 2, 1915, P. L. 736, the appellate court has the entire record before it, its revisory powers are limited to a determination of the question whether there is evidence to support the findings and whether the law has been properly applied to them": Roach v. Oswald Lever Company, 274 Pa. 139. Was the cataract the result of the accident? A number of very eminent doctors were called and they failed to come to a common conclusion. The testimony of the claimant was very definite that he was not suffering from any trouble with his eye prior to the explosion, that when he was employed by the company he underwent a rigid physical examination and immediately after the accident his eye got very sore, that he called the attention of another employee to it, who noticed that the eye was red, and that several days after this a sort of scum came over the eye. He testified that the superintendent sometime after the occurrence saw something in his eye and about two and one-half months afterward at the direction of the president of the company he went to the Wills Hospital, where he was operated on for cataract. Some of the doctors called, diagnosed the case as one of cataract due to the application of force and others as senile in its nature. There was evidence that senile cataract is slow of formation usually, but one due to the application of force may form very quickly and by an actual examination of the cataract, one cannot readily distinguish the one from the other. One doctor testified that he found an old scar when he examined the eye, others could find nothing of the kind. To show the difficulty with which the board was confronted, we will merely quote these two conclusions given by two very eminent eye doctors; (1) "My diagnosis is that of traumatic cataract. If senile cataract the tendency is for the fellow eye to become cataractous, which is not so in

this case, the left eye being practically normal. In conclusion—first, a cataract can be developed by a force such as described by the claimant; second, it would be known as a traumatic cataract, and could develop in from twenty-four hours to three weeks; third, an operation for the removal of a cataract of this character would be the same as that for a mature senile cataract." (2) "It is my belief that the claimant had a well-developed cataract upon the right eye on April 8, 1919, (prior to the accident) although he was, as he claims, unaware of the poor vision in that eye." It is hard to come to a conclusion when doctors disagree, but the board, we think, was justified in finding that the injury to the claimant's eye was due to the accident, to which he attributed it.

The question is raised whether the claim is not barred by the statute of limitations. Section 315 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 748, provides "that all claims for compensation shall be forever barred, unless, within one year after the accident, the parties shall have agreed upon the compensation..... or unless, within one year after the accident,......a petition has been filed as provided in the act." Section 315 further specifically provides: "Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of the making of the last payment." The board found that the payments were made as claimed by the plaintiff and the facts in the case support the conclusion. Claimant is unable to read and write. The superintendent directed him to the compensation man and he was told later that nothing had as yet been heard regarding the compensation and he was directed to go back to work. In November, 1919, the president of the company had an interview with him, which resulted in his being sent to Wills Eye Hospital. After he was discharged from the hospital he went to the president of the company and stated to him that there was no reason

why he should not receive compensation money and the president told him that it should have been paid him long ago. The treasurer of the company gave him $100 and afterward $50 was paid. It is true that this money was not paid through the regular compensation department of the company, for it appears there was an insurance company who carried the risk, but the claimant in this case had nothing to do with the protection, which the company had against his injury, and was not interested as to the channel through which the money came to him. The subject-matter that was discussed between him and the president was compensation and when he was paid the above sums, there was every reason to believe it was on account of the liability of the company. The endorsement of the treasurer upon the receipt which the claimant gave for the $100 directed it to be charged to liability insurance. We think these payments were sufficient to toll the statute, that the money appears to have been paid on account of compensation and therefore, the case falls within the provisions of section 315 of the act.

The assignments of error are overruled and the judgment of the lower court affirmed.