# Elkins *v.* Cambria Library Association et al., Appellants.

*Workmen's compensation law—Compensation—Right to—Limitation of action.*

Where an employee has been injured, but receives her wages in full during the period of her disability, not as compensation, but as wages, she cannot, after the expiration of one year, file a petition for compensation.

In such a claim, in order to avoid the bar of the statute of limitations, it must clearly appear that the amounts were paid and received as compensation under the act, and not as wages for employment, and the disability or further disability must be attributable to an injury for which such compensation had been paid.

Evidence that an employee is paid the full amount of her monthly wages, when she may not have worked some days during that month, does not warrant a finding that the wages are paid as compensation for an injury.

On a claim for compensation, where there is no evidence that any payments were made as compensation, or that the plaintiff was misled into believing that such payments had been made to her within the year prior to the filing of her petition, she is not entitled to relief.

Argued October 1, 1923. Appeal, No. 7, April T., 1924, by defendants, from judgment of C. P. Cambria Co., June T., 1922, No. 145, affirming award of Workmen's Compensation Board in the case of Anna Elkins v. State Workmen's Insurance Fund of Pennsylvania and Cambria Library Association. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Appeal from award of Workmen's Compensation Board. Before McCANN, J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the award of the Workmen's Compensation Board. Defendants appealed.

144, (1923).] Assignment of Error—Opinion of the Court.

*Error assigned,* among others, was the decree of the court.

*Samuel I. Spyker,* Attorney for State Workmen's Insurance Fund, and with him *George W. Woodruff,* Attorney General, for appellants.—The money paid the claimant was paid as wages and not as compensation and her claim was barred by section 315 of the Compensation Act: Chase v. Emery Mfg. Co., 271 Pa. 265; Raeder v. Stewart Silk Co., 28 Dist. Rep., 763; Paolis v. Tower Hill C. Coke Co., 265 Pa. 291.

*Francis A. Dunn,* for appellee.

OPINION BY PORTER, J., November 19, 1923:

The Cambria Library Association and the State Workmen's Insurance Fund of Pennsylvania appeal from the judgment of the court below affirming the findings of the referee and the Workmen's Compensation Board and directing payment to be made by defendant or the insurance carrier for the disability of plaintiff. But one question for decision is presented by the record in this case, viz: Was the claim barred by section 315 of the Compensation Act?

The accident had occurred on November 15, 1919, and the plaintiff took no steps to secure compensation until March 16, 1921, when she filed her petition with the Workmen's Compensation Board and notice was given to the State Workmen's Insurance Fund. More than a year having elapsed without the parties having agreed upon the compensation payable and no petition having been filed as provided by the statute, the claim was barred, unless there had been a "payment of compensation" within the purview of the concluding language of section 315, which is as follows: "Where, however, payments of compensation have been made in any case, said limitation shall not take effect until the expiration of

one year from the time of the making of the last payment." The referee and the Workmen's Compensation Board found that there had been a payment of compensation within one year prior to the filing of the petition, and awarded compensation to the plaintiff. Our duty is to ascertain whether there was any evidence to sustain this finding.

There is no conflict of testimony in this case. The employment of the plaintiff was upon a monthly salary of forty dollars. The accident occurred on November 15, 1919, and resulted in an injury to her knee which rendered her unable to work for three weeks, during which period she remained at her home but was not attended by any physician. She was paid her full monthly salary, without deduction for the three weeks during which she did not work. She resumed work on December 7th and worked up until July, 1920, and received regular payment of her monthly salary. The testimony of the plaintiff as to the manner in which she did her work, during this period of seven months after her return was very meager, when asked the questions: "Q. And, during the time that you were back at work did your injury interfere in any way with your work? A. Well, I think it did; of course, I wasn't well; I still done my work. Q. Did your knee give you trouble? A. It did." The only reference to "payment of compensation" in the testimony of the plaintiff was in her reply to a single question: "Q. Were you ever paid compensation for your injury? A. Only paid my wages." Miss Drew, first assistant librarian of the Cambria Library Association, was called as a witness by the plaintiff and testified as to the happening of the accident, and was asked, by counsel for plaintiff: "Q. Do you know whether Mrs. Elkins was paid compensation during the time? A. Not that I know of. Q. Was she paid salary? A. Yes, paid by the month; customary when off sick. Q. Was she paid salary but no compensation during that period that she was off, in 1919? A. Yes, sir." Miss Berkey,

the librarian, was called as a witness by the plaintiff and the following testimony elicited: "Q. Was Mrs. Elkins paid compensation as such by you. A. Not at all; she was being paid by the month and I thought she being unable to work her salary was due her; I simply paid her salary. Q. Was this payment of salary to compensate her for loss due to injury? A. I didn't consider it from that standpoint; I viewed it from the same points that I would have paid one of my assistants as salary due her; paid by month, and I told Mr. Moore what I had done." This witness was interrogated as to the manner in which plaintiff worked during the period from December, 1919, to July, 1920, as follows: "Q. Did she work regularly following her return? A. Well, no I don't believe she did, not every day; I have record of her going right along at intervals, but she didn't work every day. Q. Did she make complaint of this injury? A. Not to me." The last named witness as well as the plaintiff testified that when plaintiff left the employ of the Library Association, in July, 1920, she said nothing about being incapacitated because of the injury to her knee in the preceding November. This is all the evidence in the case which has any bearing upon the payments which were made to the plaintiff, within one year prior to the filing of her claim petition. It may be that when an employee suffers an injury and receives, during the period that he is totally incapacitated and not doing any work, regular payments which in amount equal what his wages would be if he were at work; this fact would warrant an inference that the payment was compensation for the injury, but that question we are not now called upon to decide. This plaintiff did not file her petition within one year after the date when she resumed work. The only payments which she received within the year prior to the filing of her petition were those for the months of March, April, May and June, for which she was paid her regular monthly salary, but during that period she was working. The plaintiff testifies that she

"did her work" and Miss Berkey testifies that plaintiff was working, although not every day during the period. The question with which we are confronted, therefore, is whether evidence that an employee is paid the full amount of his monthly wage, when he may not have worked some days during that month, warrants a finding that the wages are paid as compensation for an injury. It is well settled that, in order to avoid the bar of the statute; "It must clearly appear the amounts were paid and received as compensation under the act, and not as wages for employment, and the disability or further disability must be attributable to an injury for which such compensation had been paid. Where compensation as such has been paid under a written or oral agreement, the year limitation within which the petition must be presented begins to run from the last payment": Chase v. Emery Manufacturing Co., 271 Pa. 268; Paolis v. Tower Hill Coke Co., 265 Pa. 291. The evidence in this case does not measure up to the standard required by these decisions of the Supreme Court. There is no evidence in the case to sustain a finding that any payments were made as compensation for the injury suffered by the plaintiff. There is no evidence which would warrant a finding that the plaintiff could have been misled into believing that any payment made to her within one year prior to the filing of her petition was made as compensation for her injuries. The payments were made as wages and as wages the plaintiff received them. It is unfortunate that the plaintiff did not promptly notify the Library Association of her injury and receive the medical attention which might have prevented permanent impairment of her earning capacity, and led her to avail herself of the beneficent provisions of the statute within the time prescribed. The assignment of error is sustained.

The judgment is reversed and the record remitted for further proceedings.