## Alex Hunter *v.* John G. Mailey and Fidelity & Casualty Company, Appellant.

*Workmen's compensation—Act of June 2, 1915, P. L. 736, section 315—Evidence—Sufficiency—Petition—Time of filing—Payment by employer—Toll of limitation.*

In a claim under the Workmen's Compensation Acts the testimony of the claimant established that, in the course of his employment, he struck his arm against a rack, causing severe pain. Later a lump appeared on the same place and he was treated in a

hospital at two different times.   His physician corroborated this testimony.

Such evidence is sufficient to support a finding that the disability resulted from the accident.

Although the claimant did not file his petition within one year of the date of the injury his employer paid him while in the hos- -pital a sum equal to his wages as compensation.

In such case the payment of compensation operates as a toll of the provision of the Workmen's Compensation Act requiring claims to be made within one year of the date of injury.

Argued April 21, 1927.   Appeal Nos. 187 and 199, April T., 1927, by the defendant from the judgment of C. P. Westmoreland County, August T., 1926, No. 930, confirming award of the Workmen's Compensation Board in the case of Alex Hunter v. John G. Mailey and Fidelity & Casualty Company of New York, Insurance Carrier.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Affirmed.

Appeal from an award of the Workmen's Compensation Board.  Before COPELAND, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the appeal and entered judgment for the claimant in the sum of $192.   Defendant appealed.

*Error assigned,* among others, was the order of the court.

*Paul E. Hutchinson,* and with him *John C. Sheriff* and *Richard D. Laird,* for appellants.—The payment of compensation to an employee will not extend the time for filing a claim beyond the statutory period: Hughes v. American International Shipbuilding Corporation et al., 270 Pa. 27; Yaw v. Kerr, 47 Pa. 333.

Payment to the employees was not compensation:

Chase v. Emery, 271 Pa. 265; McC'ollum v. McC'ollum, 86 Pa. Superior Ct. 209; White v. Pittsburgh Vein Coal Company, 266 Pa. 145.

*Harold A. Hewart* for appellee.—The payment of compensation to an employee for injuries extends the time within which a claim may be filed to one year from the date of payment: Catlin v. Pickett & Co., 262 Pa. 354; Smith v. Primrose Tapestry Co., 285 Pa. 150.

The payment to the employee was compensation: Elkins v. Cambria Library Association, 82 Pa. Superior Ct. 144.

OPINION BY LINN, J., July 8, 1927:

These appeals, one by an employer, the other by his insurance carrier, are from an award of $92 compensation made by the referee, affirmed by the board and also by the common pleas.

While at work on July 6, 1924, claimant struck his upper right arm against a rack, suffered severe pain then and throughout the night. He did not report the matter to his employer until September 1924; then a lump appeared at the place of injury, and he consulted a physician. In July 1925 a specimen of the growth was analyzed. He was then absent from work two weeks, while in a hospital, during which period his employer paid him a sum equal to his wages. After that absence, he worked until September 14, 1925, when he entered another hospital, not again resuming work until November 16, 1925. He did not file petition for compensation until December 9, 1925. His award covered the period of his absence from September 14, 1925, to November 16, 1925.

We are satisfied that his own evidence taken with his physician's supports the finding that the disability resulted from the accident.

Appellant's principal contention is that the claim was not filed in time. Section 315 of the act (1915 P. L. 736, 748) provides: "In cases of personal injury all claims for compensation shall be forever barred, unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this article; or unless, within one year after the accident, one of the parties shall have filed a petition as provided in article four hereof. In cases of death all claims for compensation shall be forever barred, unless, within one year after the death, the parties shall have agreed upon the compensation under this article; or unless, within one year after the death, one of the parties shall have filed a petition as provided in article four hereof. Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of the making of the last payment."

Claimant asserts that though his petition was not filed for a year and five months after the accident, it was in time because it was filed within a year of the receipt of the compensation paid to him for the two weeks period during which he was in the hospital and absent from work in July-August 1925. The finding below was that he then received payments of compensation, and we cannot disturb that finding, as the evidence of the employer himself supports the inference made by the referee; "Q. Shortly after this time Mr. Hunter was off from work for a short period? A. Yes. Q. You paid him his wages during that period? A. I paid him as compensation. Q. Isn't it a fact you paid him his wages, $30.00 a week? A. I don't know what you call it, I paid him. Q. You paid him his regular wages, $30.00 a week, while he was gone? A. It don't make any difference what it was, I paid him. Q. The same amount while he was away as

while there; in other words you didn't dock him any wages while he was away? A. No. Q. You didn't make these payments as being a Workmen's Compensation payment? A. It would be the same wouldn't it? Q. No. It wouldn't be the same. Did you or did you not make that as a Workmen's Compensation payment, or did you make that as paying his wages during the period of disability? A. I just paid him $30.00. Q. Because he needed the money? A. I just paid him." If the employer understood, as he states—that he was paying compensation, he may be taken at his word. And his conduct was commendable, for he testifies, . . . . . . " He had been with me fifteen years and I didn't want to keep it off him, and I knowed he would be back in two weeks."

In our view, the provision in the statute that where payments of compensation have been made in any case, the limitations theretofore mentioned in section 315 shall not take effect until the expiration of one year after making the last payment, relates to both sentences that preceded it in the section, with the effect that the one year period of limitations, in the circumstances disclosed in this record, begins at the time of making the last payment of compensation: see Hughes v. Amer. Intl. Shipbldg. Corp., 270 Pa. 27; Chase v. Emery Mfg. Co., 271 Pa. 265; Smith v. Primrose Tapestry Co., 285 Pa. 145, and cases there cited.

Judgment affirmed.