# Cotton *v.* John Wood Mfg. Co. et al., Appellants.

Argued March 11, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*J. Paul Erwin,* for appellants.

*Frederick B. Smillie,* for appellee.

OPINION BY BALDRIGE, J., April 16, 1937:

On September 6, 1934, George Cotton, the complainant, was seriously injured by the bursting of a tank which he was testing with compressed air. The employer furnished immediate medical attention, which disclosed that the claimant's left wrist and hand were incapacitated. Upon request of defendant's superintendent, claimant reported the following day with his

arm in a sling and was given work as messenger, later valve tester, and then watchman. In August, 1935, he was temporarily laid off, but about a week later was reemployed as janitor, and continued his duties as such until he was discharged on November 13, 1935.

A compensation agreement was not entered into, and no claim petition was filed until December 21, 1935. To this petition an answer was filed, setting up the statute of limitations as a defense. The referee granted an award for total disability, commencing November 14, 1935, and his action was affirmed by the compensation board and in turn by the court of common pleas.

In this appeal the appellants press the statute of limitations as a bar to an award and claim further that there was insufficient competent evidence to support the finding of total disability.

Section 315, article III, of the Act of June 2, 1915, P. L. 736 (77 PS §602), provides: "In cases of personal injury all claims for compensation shall be forever barred, unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this article; ...... Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of the making of the last payment."

The claimant contends that the payments made to him when he returned to work after the accident were for compensation and were not wages as claimed by the appellants; as his petition was presented within one year from the date he received his last payment, the statute of limitations does not apply. He testified that he had an agreement with Marland, defendant's plant superintendent, that he was to be paid compensation; that Marland said he would take care of

him and see that he was "compensated" for his injuries. We think the proof was sufficient to establish that Marland had full authority to act for his employer and enter into such an agreement as the claimant alleges was made. He, as superintendent, employed men and gave them orders in respect to the work they were to do. Marland stated that after the accident he gave claimant a job which had been created for him; that as four other injured employees were getting compensation, he felt it was no more than right that the claimant should have the same privileges. He testified further as follows: "Q. You never told him you were paying compensation in lieu of wages? A. I about told him that, yes. Q. What do you mean? A. I promised him that he wouldn't lose anything, which I have done so far as I was able to. Q. But you didn't tell him you were paying these wages in lieu of compensation, did you? A. You may infer that, yes."

We find no reason for the board not to accept as true the statement of the superintendent that compensation, instead of wages, was paid to this injured employee. It must clearly appear that the amounts so paid and received were intended as compensation under the act and not as wages for employment: *Chase v. Emery Mfg. Co.*, 271 Pa. 265, 113 A. 840. The testimony met this test; it was sufficiently direct and positive to establish that the payments made were voluntary and in the nature of informal compensation to an employee, who, as Staley, the foreman, said, "couldn't do a capable day's work." See *Tinsman v. Jones & Laughlin Steel Corp.*, 118 Pa. Superior Ct. 516, 180 A. 175.

We have stated frequently that courts are not at liberty, even if so inclined, to disturb the findings of the compensation authorities, based, as they are here, on sufficient competent evidence: *Hunter v. Mailey &*

*Fid. & Cas. Co.,* 91 Pa. Superior Ct. 350. This case is not analogous to *Elkins v. Cambria Library Assn.,* 82 Pa. Superior Ct. 144, for there no evidence was adduced of any payments made as compensation for injuries or that the claimant was misled into so believing.

We are not convinced, however, that there was sufficient evidence to support the finding of total disability. Dr. Barron, the only medical witness called by claimant, testified upon direct examination that the claimant has a paralysis of the left wrist and hand, which totally disables him. But on cross-examination he stated that claimant's total disability was confined to the wrist and hand and the rest of his body was not affected. The claimant in his petition averred only partial disability from the date of the accident until November 13, 1935. It is very obvious that he was not totally disabled during the period he was doing some sort of work and there is no evidence to establish that total disability began November 14, 1935. We think an opportunity should be given the claimant to establish more clearly the extent of his disability—whether it be total or partial or the loss of the industrial use of his hand or arm.

As we have determined that the payments made to claimant were for compensation, the employer is entitled to a credit therefor.

Judgment is reversed and the lower court is directed to remit the record to the board to determine further facts, and whatever judgment is entered should be not inconsistent with this opinion.