## Long *v.* Philadelphia, Appellant.

Argued October 13, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Samuel P. Lavine,* with him *John V. Horan,* Assist-

ant City Solicitors, with him Ernest Lowengrund, Acting City Solicitor, for appellant.

*James H. McHale,* for appellee.

Opinion by Hirt, J., December 11, 1942:

The question in this appeal is whether the City of Philadelphia is entitled to credit upon an award of Workmen's Compensation because of payments made to claimant by the city during the period of his total disability.

There is no dispute as to the facts. Claimant was in the regular employ of the City of Philadelphia as a truck driver and in the course of that employment sustained an injury from accident. It is conceded that the resulting hernia is compensable and that claimant was totally disabled from December 30, 1940, the date of the accident, until January 20, 1941 when he returned to work. Claimant did not undergo an operation but was able, by wearing a truss, to resume his regular work without loss of earning power. Beginning three days after the accident and continuing throughout the period of total disability the city paid claimant an amount equal to his regular wages of $5 a day. The referee and the board concluded that these payments did not affect claimant's right to compensation and made an award of $18 per week for the period ending January 20, 1941 "when claimant's loss in earning power as a result of the accident ...... ceased." The lower court affirmed. The city contends that it is not liable for Workmen's Compensation because in each week during the period of disability it paid claimant an amount in excess of the compensation to which he otherwise would be entitled under the award.

The opinion of the board recites that "the testimony in the case does not establish that the payments were made or accepted in lieu of compensation." The ques-

tion was not of fact (Cf. *Somerton v. The Bell Tele. Co. of Pa.*, 111 Pa. Superior Ct. 264, 169 A. 579) but wholly of law, involving a construction of a city ordinance under which the payments were made to the injured employee. That the board made an award, therefore, is not of controlling importance.

The Act of June 12, 1913, P. L. 492, 53 PS 287 empowered the city to pay employees disabled by injury or sickness *"sustained in the performance of their duties"* an amount equal to wages during the period of absence from employment. Taking advantage of this legislation the City of Philadelphia on July 15, 1913 passed an ordinance (re-enacted in 1939) providing for the payment of wages to "all regular per diem men employed by the City of Philadelphia ...... upon the presentation of satisfactory evidence, for disability or sickness contracted while in the employ of the City, and who may be temporarily unable to perform the duties or work assigned to them for a period not exceeding thirty days."

There are circumstances under which an employer may discharge his liability on a subsequent award under the compensation act by voluntary payments to the injured employee. But the employer is entitled to credit for such payments only when received and paid as compensation due a claimant under the Workmen's Compensation Act. *Cotton v. John Wood Mfg. Co.*, 126 Pa. Superior Ct. 528, 191 A. 189; *Somerton v. The Bell Tele. Co. of Pa.*, supra. "It must clearly appear the amounts were so paid and received as compensation under the act, and not as wages for employment ......": *Chase v. Emery Manufacturing Co.*, 271 Pa. 265, 113 A. 840.

The legislation which authorized the ordinance as well as the ordinance itself were enacted before the Compensation Act of June 2, 1915, P. L. 736, and the constitutional amendment (Art. III, §21) which au-

thorized it. Prior to the time when the State established a system of workmen's compensation, the ordinance provided compensation for disability from accident. The ordinance and the later compensation acts have this in common: both require that the disability be sustained in the course of the workman's employment; both provide payments as *compensation* for loss of earning power. The 1913 act refers to the payments authorized by it as "compensation" and the ordinance clearly indicates that compensation to an injured employee for total disability was intended. The ordinance therefore is a compensation measure similar to the Workmen's Compensation Act in purpose, though limited in scope, *(Grant v. Philadelphia,* 148 Pa. Superior Ct. 47, 24 A. 2d 650); it does not provide merely for gratuitous payments to an injured employee nor payments of benefits from a fund set up for that purpose. The payments to claimant, though measured by the amount of his former wages, was not made to him *as* wages; he earned nothing during the period but was paid under the ordinance to compensate him for his loss of earning power.

Claimant attaches importance to the case of *Zbirowski v. J. T. Lewis & Bros. Co.,* 130 Pa. Superior Ct. 222, 196 A. 606. It is readily distinguishable. It involved the question whether an employer was entitled to credit on an award for payments made upon a benefit certificate. Under the plan adopted by the employer payments were not restricted to those entitled to receive compensation; the employee had the right to name anyone as his beneficiary and payment could be made in a lump sum or in instalments at the option of the employer. Under all of the facts we held the payments to be gratuitous and voluntary, not as compensation but rather as benefits from a fund which under §204 of the Act, 77 PS 71, were not a bar to the recovery of compensation.

Since, in the present case, the city, under the ordinance, paid compensation for total disability from accident in the course of employment it is entitled to the benefit of such payments as against its liability under the Workmen's ·Compensation Act. There is no authority making it twice liable for the same compensation. During such weeks when the payments under the ordinance are equal to or exceed the weekly amount due on the compensation award, liability on the award is discharged. Throughout the period of the award in this case the city's weekly payments have been more than $18, all compensation due the claimant, therefore, has been paid in full and the requirements of the Workmen's Compensation Act have been fulfilled.

Judgment reversed and directed to be entered for defendant.