Hickey *v.* Cudahy Packing Company et al.,
Appellants.

Argued April 12, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*T. A. Sampson,* of *Stranahan & Sampson,* for appellants.

*Nathan Routman,* for appellee.

OPINION BY HIRT, J., July 16, 1943:

Claimant suffered a compensable injury in the course of his employment on January 17, 1938. He did not file his claim petition however until March 7, 1940, more than 25 months after the accident. The Board awarded compensation and the lower court affirmed. The question is whether claimant's petition came too late under §315 of the Compensation Act. By the amendment of June 4, 1937, P. L. 1552, 77 PS 602, in effect at the time of the accident, a claim for compensation was forever barred by the failure to file a petition within two years after the accident, subject to the following qualification: "Where, however, payments of compensation have been made in any case ...... said limitations shall not take effect until the expiration of two years from the time of the making of the last payment ......" Section 315 of the act relates to procedure only *(Senaca v. Yale & Towne Mfg. Ca.,* 142 Pa. Superior Ct. 470, 16 A. 2d 754) and the period of limitation of the 1937 act, as well as of the qualification, was reduced to one year by the amendment of June 21, 1939, P. L. 520. The 1939 amendment is applicable and if claimant was paid compensation within one year of the date of filing his petition he is within the exception to the general limitation of the act.

Claimant in carrying a quarter of beef tripped over a box, and wrenched his back. The resulting injury

was not immediately disabling. He resumed his employment following the accident and, with a loss of but 12 days, worked steadily until July 5, 1939. During this period claimant at times suffered severe pain in his back and he could not perform all of his former duties. In stooping over to pick up a ham on July 5, 1939, he "doubled up and couldn't straighten up any more." After his collapse he was removed to a hospital and later to the Cleveland Clinic. A tuberculous condition was found in the spine at the seat of the injury. The medical testimony is that the injury devitalized the tissues and laid the foundation for the development of the disease. A causal connection between the accident and the resulting disability was conclusively established by the testimony. Following an operation for fixation of the spine, claimant was totally disabled until January 6, 1941, when he returned to work. He was awarded compensation for total disability for the period July 5, 1939 to January 6, 1941.

From the date of the accident until July 5, 1939, claimant received his regular wages of $40 per week. The payments were for services rendered and because they were received as wages they did not toll the limitation of the act. *Chase v. Emery Manufacturing Co.*, 271 Pa. 265, 113 A. 840. But following claimant's collapse on that date and with knowledge that his serious disability was attributable to the accident, defendant continued to pay claimant $40 per week until September 11, 1939, although he was totally disabled and performed no services during the period. It is defendant's contention that these gratuitous payments were made under a fixed policy of the company to continue disabled employees on the payroll for a limited time. What prompted the payments is unimportant. Though equal to his former wages they were not paid to him as wages, for he earned nothing during the period. They were intended to compensate him for loss of earning power and were as much workmen's

compensation as if paid as such by agreement. There is ample evidence to support the finding of the board that the payments were received as compensation and not as wages. The finding is conclusive of the question. *Somerton v. The Bell Tele. Co. of Pa.*, 111 Pa. Superior Ct. 264, 169 A. 579.

The payment of informal compensation for the period ending September 11, 1939 extended the limitation of the Act to one year from that date and claimant's petition filed on March 7, 1940, was in time. The reference in §315 qualifying the limitation and extending the time within which it takes effect includes voluntary or informal compensation apart from that payable under the act. *Tinsman v. Jones & Laughlin S. Corp.*, 118 Pa. Superior Ct. 516, 180 A. 175. Thus in *Hunter v. Mailey & Fid. & Cas. Co.*, 91 Pa. Superior Ct. 350, the time for filing a claim was extended by payments equal to wages to a disabled claimant while he was in the hospital, and in *Somerton v. The Bell Tele. Co. of Pa.*, supra, by payments made to an injured employee from a special fund created for the purpose. See also *Cotton v. John Wood Mfg. Co.*, 126 Pa. Superior Ct. 528, 191 A. 189. *Elkins v. Cambria Library Assn.*, 82 Pa. Superior Ct. 144, relied upon by defendant, is not applicable. In that case the claimant received her regular monthly salary but *she was working and rendering service during the period* relied on to extend the time for filing her petition. The payments in that case were wages earned and not compensation for disability.

The judgment entered on the award properly credits the defendant with payments of compensation informally made by the defendant. *Long v. Philadelphia*, 150 Pa. Superior Ct. 631, 29 A. 2d 243.

Judgment affirmed.