Schrecengost *v.* O. K. Heilman Trucking Company, Appellant.

Argued October 1, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Irwin M. Ringold,* with him *Ralph C. John,* for appellants.

*John B. Nicklas, Jr.,* with him *Willard F. Agnew* and *McCrady & Nicklas,* for appellee.

OPINION BY WRIGHT, J., December 29, 1953:

This case arises under the provisions of The Workmen's Compensation Act of 1915, P. L. 736, as amended, 77 P.S. §1, et seq. The claim petition was filed on June 27, 1944, alleging an eye injury in October 1941. During the course of his employment as a truck driver, claimant was using a hammer to drive a steel pin out of the hinges holding a tailgate when he felt something enter his left eye. A fellow employe wiped the eye with a handkerchief, but no foreign body was removed. Claimant immediately gave notice of his injury to the defendant, and then continued at his regular employment, although complaining of trouble with the eye. He first saw a doctor in August, 1943, and was referred to an eye specialist who hospitalized him on September 23, 1943. An intraocular foreign body was found in the left eye. This substance could not be removed and it has caused a complete loss of vision in that eye. Claimant remained in the hospital until October 9, 1943. He had not lost any time or earnings until he

entered the hospital, and he resumed work on October 15, 1943.

No formal claim was made for compensation prior to filing the petition on June 27, 1944. However, claimant testified that on October 14, 1943, a day before he resumed work, defendant gave him $40.00 which defendant "said it would take the place of the two weeks, the same as compensation pay until the insurance company or until he got it straightened up with the insurance company, until they started to pay". Defendant admitted the $40.00 payment but denied that it represented compensation. He testified in this connection as follows: "Well, Mr. Schrecengost had been losing work and he would have to live and to live they must buy food and it is a common practice in small business, including my own, to help a man out when he needs help. Now, the $40.00 was given to Mr. Schrecengost as something to carry him along until he obtained some more funds".

Without making any finding with respect to the $40.00 payment, the Referee dismissed the claim as barred by section 315 of the Act, 77 P.S. 602 which provides in part as follows: "In cases of personal injury all claims for compensation shall be forever barred, unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this article; or unless, within one year after the accident, one of the parties shall have filed a petition as provided in article four hereof . . . . . Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of the making of the most recent payment prior to date of filing such petition . . . . ."

The original decision of the Referee was affirmed by the Workmen's Compensation Board. Upon appeal

to the Court of Common Pleas, the case was referred back "for the purpose of having definite and complete findings of fact, particularly with reference to the circumstances under which a $40.00 payment was made by the defendant to the claimant". After reconsidering the case, the Referee allowed the claim and made an award of $20.00 per week, which was sustained by the Board on the basis of the following substituted finding of fact: "Ninth: We find as a fact that the claim petition in this case was filed within the period of one year from October 14, 1943, at which time the defendant herein paid to the claimant the sum of $40.00 by way of benefit, relief or other voluntary payment and not as payment for services rendered by the claimant to the defendant".

Upon appeal to the Common Pleas Court, the decision of the Board was affirmed and judgment was entered in favor of the claimant. This appeal followed in which it is contended (1) that "no factual or legal basis exists" for the finding of the Board, and (2) that judgment should not have been entered for a greater weekly compensation rate than $18.00, which was the maximum allowed by the provisions of the Act then in effect.

In *Tinsman v. Jones & Laughlin Steel Corp.*, 118 Pa. Superior Ct. 516, 180 A. 175, we said that "Where section 315 refers to 'payments of compensation' as extending the time within which the limitations provided for in the act shall take effect, it means payments by way of wages, benefits, relief or other voluntary or informal compensation, apart from the Act," citing *Somerton v. Bell Telephone Co.*, 111 Pa. Superior Ct. 264, 169 A. 579; *Hunter v. Mailey*, 91 Pa. Superior Ct. 350; and *McGuirk v. Sun Shipbuilding Co.*, 80 Pa. Superior Ct. 457. In the *Somerton* case claimant was paid disability benefits from an organization

created by the employer in an amount approximately the same as the compensation payments prescribed by the Act. In the *Hunter* case, the employer paid claimant while in the hospital a sum equal to his wages as compensation. In the *McGuirk* case, the president and treasurer of the employer company made certain payments to claimant which did not come through the regular compensation channels.

In *Hickey v. Cudahy Packing Co. et al.*, 153 Pa. Superior Ct. 45, 33 A. 2d 285, claimant suffered an injury on January 17, 1938. He did not file a claim petition until March 7, 1940. From the date of the accident until July 5, 1939, claimant received his regular wages of $40.00 a week. These payments were made for services rendered and did not toll the limitation of the Act. On July 5, 1939, claimant collapsed and was hospitalized. The employer continued to pay him $40.00 a week until September 11, 1939, although claimant was totally disabled and performed no services during that period. Speaking through Judge HIRT, we said: "It is defendant's contention that these gratuitous payments were made under a fixed policy of the company to continue disabled employees on the payroll for a limited time. What prompted the payments is unimportant. Though equal to his former wages they were not paid to him as wages, for he earned nothing during the period. They were intended to compensate him for loss of earning power and were as much workmen's compensation as if paid as such by agreement. There is ample evidence to support the finding of the board that the payments were received as compensation and not as wages".

In the case at bar, regardless of the employer's motive, the payment to claimant was not for services rendered. There was sufficient evidence to sustain the Board's finding that the payment was voluntarily made

in relief of claimant's incapacity to labor and in the nature of informal compensation: *Cotton v. John Wood Mfg. Co.*, 126 Pa. Superior Ct. 528, 191 A. 189. See also *Creighton v. Continental Roll & Steel Foundry Co.*, 155 Pa. Superior Ct. 165, 38 A. 2d 337; *Chase v. Emery Mfg. Co.*, 271 Pa. 265, 113 A. 840. Claimant's counsel concedes, however, that the award should be at the rate of $18.00 per week. Furthermore, credit must be given for the $40.00 payment: *Creighton v. Continental Roll & Steel Foundry Co.*, supra; *Hickey v. Cudahy Packing Co.*, supra; *Long v. City of Philadelphia*, 150 Pa. Superior Ct. 631, 29 A. 2d 243. It should be noted that we are affirming President Judge GRAFF except as to the compensation rate.

The judgment is vacated and the record is remitted to the court below with direction to return it to the Board for an award conforming to this opinion.