## Omo v. U. S. Steel Corporation

*Robert S. Glass,* for claimant.

*G. T. Skinner,* for defendant.

GRIFFITH, J., August 15, 1955.—The accident in this case occurred on July 6, 1951, and the claim petition was not filed until 17 months later on December 1, 1952. Consequently, the claim petition was not filed within one year after the accident as required by section 315 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as last amended, 77 PS §602, which reads in part as follows:

"In cases of personal injury all claims for compensation shall be forever barred, unless, within one year

after the accident, the parties shall have agreed upon the compensation payable under this article; or *unless, within one year after the accident, one of the parties shall have filed a petition* as provided in article four hereof. . . . Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of the making of the most recent payment prior to the date of filing such petition." (Italics supplied.)

The question now before us is: Has claimant met the burden of proof required of him of showing either that payments of compensation had been made or, "by clear and persuasive evidence": Mackanitz v. Pittsburgh & West Virginia Railway Co., 157 Pa. Superior Ct. 359, 364; Behanna v. Meyers et al., 158 Pa. Superior Ct. 208, 213; that his employer's representatives either fraudulently or innocently so deported themselves as to mislead or deceive him into postponing the filing of his claim petition?

Claimant entered the employ of defendant company as an electric welder on May 23, 1951. On July 6, 1951, while in the course of his employment as a welder, a metal frame fell across his right wrist resulting in a fracture of the navicular bone. On July 11, 1951, he was examined by defendant's physician who diagnosed the injury as a sprain of the right wrist. On December 26, 1951, the first X-ray picture was taken which revealed the fracture and a cast was applied. During all of this time claimant continued to work at his customary job and received the usual pay for such work. From time to time he was treated by defendant's physician and for a considerable portion of the time after the X-ray on December 26, 1951, he worked while wearing a cast on his wrist. While claimant was continuing to work on his usual job, although consulting defendant's physician from time

to time, the year expired since the date of his accident on July 6, 1952, and no claim petition was filed. On September 6, 1952, claimant was laid off as a welder due to curtailment of defendant's production. However, he was re-employed as a laborer on September 8, 1952, and continued to work in that capacity until January 12, 1953, when he was reassigned to his former work as electric welder. He worked a few hours on that date then, complaining of pain in his right wrist, ceased to work and was suspended for a period of three days. He again resumed employment as a welder on the 16th of January, 1953, but again ceased work on the same date complaining of pain in the right wrist. He was then suspended for a period of five days and did not return to work after this suspension. He filed a claim petition on December 1, 1952, almost 17 months after the date of his injury but he was fully recovered from all the effects of his accident on January 5, 1953.

Our courts have been liberal in construing the proviso in section 315 of The Workmen's Compensation Act which permits the filing of a claim petition more than one year after the date of an accident where "payments of compensation have been made": Hickey v. Cudahy Packing Co., et al., 153 Pa. Superior Ct. 45; Schrecengost v. Heilman Trucking Co., 174 Pa. Superior Ct. 299.

In the Hickey case, the employer paid an amount equal to wages for a period of two months after claimant ceased to perform any services. In the Schrecengost case the employer gave claimant $40, "the same as compensation pay" and not for services rendered. In each of these cases the court found that "payments of compensation" had been made within the meaning of section 315 and that the period within which a claim petition might be filed had been extended. In both of these cases, however, the payments made by

the employer were not for services rendered. In the Hickey case claimant also received wages as well as payments by way of compensation and the court found that the receipt of wages did not toll the limitation. On page 47 of that case we find the following:

"From the date of the accident until July 5, 1939, claimant received his regular wages of $40 per week. The payments were for services rendered and because they were received as wages they did not toll the limitation of the act. Chase v. Emery Manufacturing Co., 271 Pa. 265, 113 A 840."

In the Chase case the Supreme Court said, page 268, "It must clearly appear the amounts were so paid and received as compensation under the act, and not as wages for employment. . . ."

Since the wages paid to claimant in the present case were clearly in consideration of him rendering his usual services as electric welder for defendant company they cannot be considered as payments of compensation so as to toll the limitation period provided in the statute.

Nor do we believe that claimant has shown "by clear and persuasive evidence" that defendant's representatives either fraudulently or innocently so deported themselves as to mislead or deceive him. It should be noted that we are concerned in this case only with the events which occurred in the period from the date of the accident, July 6, 1951, until July 6, 1952, during which a claim petition should have been filed by claimant. During that time claimant continued in defendant's employ at his regular job and received his usual wages therefor. He consulted defendant's physician on several occasions, had an X-ray examination on December 26, 1951, and worked with a cast on his wrist for a considerable portion of the time from December 26, 1951, until July 6, 1952, the end of the statutory period for filing a claim petition. From this

testimony we cannot say that the Workmen's Compensation authorities acted capriciously in finding that the employer's representatives had not misled or deceived claimant in the postponing of the filing of a claim petition beyond the statutory limitation. As a matter of fact there is no testimony in the record to the effect that claimant delayed filing his claim petition because of any misleading or dilatory conduct on the part of defendant. There is no testimony that defendant or any of its representatives made any statements of any character relating to compensation or that the matter of compensation was ever discussed.

Claimant suggests that he was deceived because: (1) Defendant continued him in his regular employment and (2) that defendant provided medical attention for claimant. Certainly the fact that claimant was continued in his usual position at his regular rate of pay was no deception. Nor does the rendering of medical services by an employer toll the statute. In Paolis v. Tower Hill Connellsville Coke Co., 265 Pa. 291, the court said:

"It is clear the 'compensation' specified in those sections does not refer to the payments for 'reasonable surgical, medical and hospital services, medicines and supplies,' under section 306, clause (e), (renumbered section 306, (f)), *but only to those to be made to the injured employee. . . .*" (Italics supplied.) See also Guy v. Stoecklein Baking Co., et al., 133 Pa. Superior Ct. 38.

The decision of the Workmen's Compensation Board having been against the party having the burden of proof, the only question before the court is whether the board's findings of fact are consistent with each other and with its conclusions of law and can be sustained without a capricious disregard of competent testimony: Williams v. New Bethlehem Burial Service, 167 Pa. Superior Ct. 364. In our opinion the

board's findings of fact are consistent with each other and with its conclusions of law and the record does not show that the board capriciously disregarded competent testimony. Consequently the appeal of claimant must be dismissed.

We, therefore, enter the following

*Decree*

And now, August 15, 1955, at 9:30 a.m., on due consideration the appeal of claimant from the decision of the Workmen's Compensation Board dismissing his petition is dismissed.

*Exception*

To all of which counsel for claimant excepts and prays that an exception be noted and bill sealed; all of which is, the day and year aforesaid, accordingly done.