Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Potter Electric Company *v.* Bruce Kennedy, Appellant.

Submitted on briefs, June 6, 1975, to Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Michael J. Dowd,* with him *John Kocsis,* for appellant.

*W. Marshall Dawsey,* with him *Griffin and Dawsey,* for appellee, Potter Electric Company.

Opinion by Judge Mencer, August 11, 1975:

The pertinent facts in this appeal reveal that, on February 4, 1970, Bruce Kennedy (appellant) injured his back while in the course of his employment with Potter Electric Company (Potter). Appellant continued to work for Potter throughout the spring, summer, and fall of 1970. On Wednesday, October 7, 1970, after having worked Monday and Tuesday of that week, appellant was hospitalized for his injury. Potter paid appellant's wages for the whole week of October 5, 1970. Successful surgery was performed on October 15, 1970, and appellant returned to work on December 28, 1970. He is now fully recovered.

On September 16, 1971, appellant filed a claim for compensation. The referee and the Workmen's Compensation Appeal Board denied the claim because it was filed beyond the sixteen-month period specified in the statute of limitations in effect at the time of the injury.

The sole issue that appellant raises is whether the wages paid for the three-day balance of the first week of the October hospitalization tolled the statute of limitations. We think not.

Section 315 of The Pennsylvania Workmen's Compensation Act provided in pertinent part: [1]

"In cases of personal injury all claims for compensation shall be forever barred, unless, within sixteen months after the accident, the parties shall have agreed upon the compensation payable under this article; or unless within sixteen months after the accident, one of the parties shall have filed a petition as provided in article four hereof. . . . *Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of sixteen months from the time of the making of the most recent payment prior to date of*

1. This claim arises under the 1956 amendment: Act of February 28, 1956, P.L. (1955) 1120.

*filing such petition*: Provided, That any payment made under an established plan or policy of insurance for the payment of benefits on account of non-occupational illness or injury shall not be considered to be payment in lieu of workmen's compensation, and such payment shall not toll the running of the Statute of Limitations." (Emphasis added.)

Various cases, which have been cited and ably analyzed by both counsel to this proceeding, have discussed the application of this section which, for all purposes connected with the issue before us, has remained unchanged for many years.

In cases not involving an issue of fraud against, or the misleading of, a claimant, it is now generally established that, in order to toll the limitations period, it must clearly appear in the record that the moneys were paid and received as compensation under the Act and not as wages for employment. *Cotton v. John Wood Mfg. Co.,* 126 Pa. Superior Ct. 528, 191 A. 189 (1937)'; *Elkins v. Cambria Library Association,* 82 Pa. Superior Ct. 144 (1923).

The courts have required claimants to carry the burden of proof in such cases and, naturally, this proof (of the reasons for payment and receipt) must generally appear in the record and be capable of substantiating a finding of fact. *See generally Chase v. Emery Manufacturing Co.,* 271 Pa. 265, 113 A. 840 (1921); *Revilak v. Coca Cola Co. of Pennsylvania,* 152 Pa. Superior Ct. 503, 33 A. 2d 287 (1943); *Cotton v. John Wood Mfg. Co., supra; Elkins v. Cambria Library Association, supra.*

Appellant presented no evidence on the issue of the purposes for the payment and receipt.

However, failing such affirmative evidence, appellant has naturally relied on *Creighton v. Continental Roll & Steel Foundry Company,* 155 Pa. Superior Ct. 165, 38 A.2d 337 (1944), wherein Judge KELLER stated:

"It is only where the employee is not totally disabled and actually performs some labor for which he is paid

wages or salary (Chase v. Emery Mfg. Co., 271 Pa. 265, 268-9, 113 A. 840; Hickey v. Cudahy Packing Co., 153 Pa. Superior Ct. 45, 33 A.2d 285) that such payments will not extend the time within which the claim petition must be filed or discharge the employer's liability for compensation for the weeks in which its payments equalled or exceeded the compensation payable." 155 Pa. Superior Ct. at 174, 38 A.2d at 341.

*Creighton* was an occupational disease case, and the foregoing quotation concerning the statute of limitations was extrinsic to the issue in *Creighton;* i.e., whether an award of compensation had been discharged by certain payments to the claimant by the employer. However, this quotation was later utilized in *Miller v. Springfield Township Highway Department,* 202 Pa. Superior Ct. 616, 198 A.2d 399 (1964), which dealt directly with the issue presently before this Court: the tolling of the statute.

The admission by both parties that appellant performed no services for his employer while hospitalized, coupled with the foregoing quotation from *Creighton,* would seem to allow appellant to prevail here.

However, in *Creighton,* Judge KELLER also wrote:

"The decisions hold that when an employee is *totally disabled* and the employer, while denying any liability for workmen's compensation, nevertheless pays the employee regular stated amounts, weekly or monthly, either out of its own general funds, or out of sick or accident benefits or relief funds contributed by it, not as wages or salary for work performed, but in relief of the employee's incapacity to labor, on its being determined that the employee is entitled to workmen's compensation, the amount paid by the employer discharges its liability for compensation *for the weeks* in which its payments to him equalled or exceeded the compensation payable. Long v. Philadelphia, 150 Pa. Superior Ct. 631, 29 A. 2d 243; Somerton v. Bell Tel. Co., 111 Pa. Superior Ct. 264,

268, 169 A. 579; Cotton v. John Wood Mfg. Co., 126 Pa. Superior Ct. 528, 191 A. 189; Tinsman v. Jones & Laughlin Steel Corp., 118 Pa. Superior Ct. 516, 523, 180 A. 175; Hunter v. Mailey, 91 Pa. Superior Ct. 350; McGuirk v. Sun Shipbuilding Co., 80 Pa. Superior Ct. 457." 155 Pa. Superior Ct. at 173-74, 38 A. 2d at 341 (emphasis in original).[2]

We do find this quotation from *Creighton* helpful in guiding us to a resolution of the issue at hand.[3]

The guiding principle in *Creighton* applicable to the present facts is its emphasis on payments in "regular, stated amounts, weekly or monthly," according to the pay period in which a claimant is participating. Surely a payment for a complete pay period in which a claimant is not working would raise, in absence of rebutting evidence, a sufficient inference of compensation to carry a claimant's burden in these cases. However, no such inference can be raised where, as here, there is merely a payment for the remaining three days of a final pay period.

Without this inference available under the *Creighton* test and, considering the lack of any evidence presented by appellant at the hearing, we cannot conclude that the three-day payment was intended to compensate the appellant for his loss of earning power due to the injury.[4]

───────────

2. *See also Vanino v. Textile Machine Works*, 183 Pa. Superior Ct. 181, 130 A. 2d 203 (1957), which dealt with a setoff from prior payments.

3. See the analysis in A. Barbieri, Pa. Work. Comp. §5.42(3), where *Creighton* is accepted as being a leading case for workmen's compensation statute of limitations problems.

4. We of course do not preclude per se the tolling of the statute in all cases of partial pay-period payments. If a claimant can present sufficient evidence to support a finding that the intention of the payment and receipt was "payment of compensation" due to a work-related injury, we would have no hesitancy in affirming a board order tolling the statute. *See generally Chase, supra; Schrecengost v. O. K. Heilman Trucking Company*, 174 Pa. Superior Ct. 299, 101 A. 2d 417 (1953).

Although this is a close case, because of the foregoing analysis we are compelled to issue the following

ORDER

AND Now, this 11th day of August, 1975, the appeal of Bruce Kennedy from the order and opinion of the Workmen's Compensation Appeal Board, dated January 25, 1973, is hereby dismissed.