## Knight v. Moore Bros. Co.

*F. Joseph Thomas*, for claimant.
*Paul E. Thomas*, for defendant.

KENT, P. J., August 14, 1941.—This is a workmen's compensation case and comes to the court on an appeal from the action of the Workmen's Compensation Board affirming the findings of fact, conclusions of law, and disallowance of compensation by the referee. The facts in this case are not greatly in dispute. The record discloses that for a period of approximately two weeks prior to October 30, 1936, claimant was employed by

defendant company as a milk distributor upon a certain route in and about the City of Meadville, Crawford County, Pa.; that while so employed on the said mentioned date, October 30, 1936, at about 6:00 a.m., claimant met with an accident and was somewhat disabled as a result of injuries then sustained. The claim petition initiating this action was not filed until May 22, 1939, a period of approximately two years and seven months after the date of the accident. As stated by the attorney for defendants: "The only defense to the claim is the statute of limitations, or failure of claimant to file his petition within one year of his injury." Claimant's attorney states: "The only issue raised by defendant company and its insurance carrier is that the petition was not filed within one year from the date of the injury." It, therefore, appears that the sole question before the court for determination is: Whether or not the claim petition was filed within the time prescribed by law? Defendants claim that it was not. Claimant contends that this defense cannot be raised and states two reasons in support thereof:

1. That he filed his petition within one year from the time he last received voluntary payments from defendant company, to wit, in July 1938, which voluntary payments could not be termed wages because they were paid for periods when claimant did no work.

2. That defendant company and its insurance carrier are estopped from now raising the defense of the statute of limitations.

Section 315, art. III, of The Workmen's Compensation Act of June 2, 1915, P. L. 736, provides:

"In cases of personal injury all claims for compensation shall be forever barred, unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this article; or unless, within one year after the accident, one of the parties shall have filed a petition as provided in article four hereof. . . . Where, however, payments of compensa-

tion have been made in any case, said limitations shall not take effect until the expiration of one year from the time of the making of the last payment."

In the instant case we find an answer to the claim petition, filed June 12, 1939, wherein defendant denies liability to pay compensation under the alleged facts for the reason that, "Injury occurred on October 30, 1936, and the claim petition was filed May 22, 1939." This pleading certainly gave notice to claimant that responsibility for payment of compensation was denied because of failure to comply with the mandatory requirements of the act. We are unable to find any testimony tending to show that the parties agreed upon compensation payable under the elective compensation article of the act, article 3. In fact we are unable to discover the word "compensation" mentioned or used in the testimony, while the word "wages" is used many times therein. It is not contended that either party, claimant or defendant, filed a petition within one year after the accident.

In the case of Ratto et al. v. Pennsylvania Coal Co., 102 Pa. Superior Ct. 242, it is held, reading from the syllabus:

"Held: (1) That it is the legislative intent, as disclosed by Sec. 315, Article III, of the Workmen's Compensation Act of June 2, 1915, P. L. 736, to make the filing of the claim petition within the specified time an express condition of the right to obtain an award of compensation and that failure so to do operates as an absolute bar (2) that the bar of the statute was raised in sufficient time and in a proper manner and (3) that the judgment of the court below entered in favor of the defendant will be sustained.

"Section 315, Article III, of the Workmen's Compensation Act of June 2, 1915, P. L. 736, is a statute of repose, which extinguishes the right and not merely the remedy, and may be invoked without having been specially pleaded."

In the case of *Guy v. Stoecklein Baking Co. et al.*, 133 Pa. Superior Ct. 38, Parker, J., in the opinion, says (pp. 45, 47, 50) :

"If the parties did not agree upon the amount due the dispute could only be settled by filing a petition and submitting the controversy to the board as provided by law. . . .

"Again, in *Horn v. Lehigh Valley R. R. Co.*, supra, [274 Pa. 42] (p. 44), in considering this same section 315 with which we are here concerned, the Supreme Court used this language: 'While the governing sections are mandatory, and she is presumed to know the law, we have held, where a party has been prevented from doing an act through fraud or circumstances that amount to fraud, the court might extend the time within which to do the act.' . . .

"Recognizing the force of the decisions which distinguished between a pure statute of limitations and a statute which qualifies the granting of a substantive right by condition as to the time within which such action may be maintained and that provisions of the latter class are mandatory, we are of the opinion that a defense such as is interposed here ought not to be sustained upon a doubtful weight of evidence and that the proofs should be clear and persuasive."

Bearing upon payment of compensation as is provided by the act, Justice Kephart in the case of *Chase v. Emery Manufacturing Co.*, 271 Pa. 265, 268, says:

"Does section 315 bar the claim? The latter part of this section reads: 'Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of the making of the last payment.' This section was placed in the act to prevent imposition on unwary employees; that is, to prevent money being paid for a period of time after an injury under some verbal arrangement, causing the employee to neglect

presenting the agreement in some form as provided by law. The year limitation, under the act, would begin to run from the last payment. On the other hand, employers should not be subjected to imposition through faked or unlawful claims, or claims for illness that have no causal connection with the injury received in the course of employment; therefore the act says 'payment of compensation,' which means an amount received and paid as compensation for injury or death of an employee occurring in the course of employment. It must clearly appear the amounts were so paid and received as compensation under the act, and not as wages for employment, and the disability or further disability must be attributable to an injury for which such compensation had been paid. Where compensation as such has been paid under a written or oral agreement, the year limitation within which the petition must be presented begins to run from the last payment."

Referring now to the testimony we find that claimant testified that he was employed, as he expressed it, "I had a job", until about July 1, 1939, when he left defendant's employment and commenced running a milk route for one Lloyd Smith in the City of Meadville. Relative to the receipt of wages we find the following testimony by claimant:

"Q. What wages or salary were you receiving at the time you were injured?

A. During the injury I was getting $20 a week and commission on sales.

Q. What was your average *wage* at that time with your *salary and commission?*

A. At that time the route was down considerable and there was very little commission, but after that they raised the wages to $25 a week.

Q. Shortly after the injury you mean?

A. Shortly after they had a union, and they raised the wages.

Q. But at the time you were injured it was about $20 a week?

A. Yes.

Q. How much of the time were you off because of your hand from January 1st of this year until the time you left their employment?

A. In July when I left?

Q. Yes. Were you off at all from January 1st this year until you left?

A. I was only off two days.

Q. Did you receive any money from the company for the two days you were off?

A. I did not.

Q. They deducted that?

A. Yes. I left the employment at that time so I never received any wages at that time.

Q. You mean you had quit working for them?

A. Yes.

Q. I mean prior to the time? Were you not working any time because of this injury?

A. No, I had a job.

Q. My question is—

By REFEREE SMITH:

Q. Did you lose any time between the 1st of January and the time you left the company?

By MR. F. JOSEPH THOMAS:

Q. From the first of this year? Did you lose any time from January 1, 1939, to the time that you left the company?

A. I did not. Yes, a few days. I had the grippe for a few days.

Q. Did they pay you any money for those days?

A. No.

Q. They deducted that?

A. Yes."

This testimony clearly shows that both claimant and his attorney were talking in terms of wages and not compensation. Under the well-settled rule stated, in order to avoid the bar of the statute, it must clearly appear the payments were made and received as com-

pensation and not as wages for employment. Payment of bills of the hospital and doctor do not stop the running of the statute: Guy v. Stoecklein Baking Co. et al., supra. Likewise, evidence that an employe was paid the full amount of his monthly wage, when he did not work some days during the month, does not justify a finding that the wages were paid as compensation: Elkins v. Cambria Library Assn. et al., 82 Pa. Superior Ct. 144.

We are of the opinion that claimant's evidence in this case does not meet the standard required by the act and the decisions of our courts. There is absolutely no evidence in this case sustaining the claim that payments were made as compensation for the injury suffered by plaintiff or that would warrant a finding that plaintiff was misled into believing that the payments made to him within one year prior to the filing of his claim petition were made as compensation for his injuries. To the contrary, it is our opinion that the payments were made as wages and as such were received by claimant.

After considering the evidence in the case we are not convinced that the board erred in its affirmation of the referee's findings of fact, conclusions of law, and order of disallowance.

Now, therefore, August 14, 1941, the appeal is dismissed at cost of appellant and an exception is noted and sealed for claimant.