Grant *v.* Philadelphia, Appellant.

Argued October 14, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*John P. Berry,* Assistant City Solicitor, with him *Francis F. Burch,* City Solicitor, for appellant.

*James H. McHale,* for appellee.

OPINION BY STADTFELD, J., February 28, 1942:

An action in assumpsit was instituted by the plaintiff, James Grant, against the City of Philadelphia for compensation alleged to be due him pursuant to a resolution of City Councils approved July 15, 1913. The pleadings consist of plaintiff's statement of claim. It is therein alleged that plaintiff had been, and, on June 19, 1940, was employed by the city as a "lifter" in the Bureau of Highways and Street Cleaning, earning $4 per day; that plaintiff was a per diem employee; that at 7:00 P.M. on June 19, 1940 he was playing baseball and was injured, which injury disabled him from performing his duties for more than thirty days; that he presented evidence to his superintendent concerning the nature of his injury, but the city refused payment for the thirty day period, informing him he was not entitled to receive same; and that he made numerous demands for that pay. The city filed no affidavit of defense.

The matter came on for trial before TUMOLILLO, J., in the Municipal Court of Philadelphia County, without a jury. There was no dispute as to the facts. In addition to those facts set forth in the statement of claim, admittedly plaintiff's activities in the baseball game had absolutely nothing whatever to do with his employment by the city.

At the conclusion of the trial, counsel for the defendant submitted twelve requests for findings of fact and eight requests for conclusions of law including as the final request for a conclusion of law the following:

"8. Under all the evidence in this case the finding of the Court must be for the defendant." On April 17, 1941 the learned trial judge entered his finding for the plaintiff in the sum of $124.80. The city thereupon filed its motion for judgment non obstante veredicto, which was overruled and judgment was entered on the finding in favor of plaintiff.

The city ordinance in question provides as follows: "No. 258: Resolution—Authorizing the Directors of the various Departments of the City Government to pay regular per diem employees for one week's vacation, for legal holidays, and for disability or sickness contracted while in the employ of the City; and directing the Clerks of Councils to present this resolution to the Mayor for his approval or disapproval.

"Resolved, by the Select and Common Councils of the City of Philadelphia, that the Directors of the various Departments of the City Government be authorized to issue warrants and pay all regular per diem men employed by the City of Philadelphia for one week's vacation and for all legal holidays, and upon the presentation of satisfactory evidence, for disability or sickness contracted while in the employ of the City, and who may be temporarily unable to perform the duties of work assigned to them for a period not exceeding thirty days.

"Resolved, That the Clerks of Councils be directed to present this resolution to the Mayor for his approval or disapproval."

The basic question raised on appeal involves the construction of this ordinance with a view to determining whether or not the claimant is entitled to compensation thereunder for a disability sustained under the circumstances established by the facts in this case. It is claimant's contention that the provision for payment "for disability or sickness contracted while in the employ of the City" was intended to confer the benefit upon a certain class of persons who stand in a general

employee relationship to the city. Appellant takes the position that the phrase "while in the employ of the City" refers to the period of time during which the designated employees are engaged in the performance of their duties for the city.

To adopt the construction urged upon us by the claimant-appellee would require us to regard the phrase, "while in the employ of the City," as entirely superfluous and repetitious. Under such a construction the ordinance would have the same meaning without the phrase; or at most, the phrase would be merely repeatingly descriptive of the parties whom the ordinance has named as beneficiaries, viz. "all regular per diem men employed by the City of Philadelphia."

It is readily apparent that the contrary construction given the ordinance, renders the disputed phrase both meaningful and reasonable. Under this view the disputed phrase imposes a limitation or condition upon which the payment of compensation depends. It requires that the disability or sickness for which compensation is paid, be sustained or contracted while the claimant is engaged in the performance of the duties of his employment. This construction is fully consistent with the established policy of the Commonwealth as expressed in the Act of June 12, 1913, P. L. 492 (53 PS §287), approved and made effective about a month prior to the approval of the city ordinance in question.

The Act of 1913 provided as follows: "Cities of the first and second class of this Commonwealth be, and are hereby, authorized and empowered to pay all persons in their employ during absence from their employment, caused by injuries, sickness, or disablement of any kind whatsoever, sustained in the performance of their duties: Provided, That such compensation made by the city shall only be equal to the amount of wages or salary said person would have received during the period of absence from his or her employment, and never for a period of time to exceed one year."

By this act the Commonwealth entered the field governing compensation of employees of first and second class cities during disability, and through it proclaimed its policy on the general subject. There was no specific grant of power to the City of Philadelphia, at the time of the approval of the ordinance of July, 1913, under the authority of which the city could ordain in respect to that subject to an effect contrary to, or in qualification of the policy so established.

"A municipal corporation cannot, without special authority, prohibit what the policy of a general statute permits. Nor, on the other hand, can an ordinance permit that which the state's policy forbids. Consequently under a general grant of power, a municipal corporation cannot adopt ordinances 'which infringe the spirit, or are repugnant to the policy, of the state as declared in its legislation.' There must be such substantial conformity of the ordinances with the public policy evidenced by the statutes as to make the former not inconsistent with the latter. It thus follows that if the state has expressed through its legislation a public policy with reference to a subject, a municipality cannot ordain in respect to that subject to an effect contrary to, or in qualification of the policy so established 'unless there is a specific, positive, lawful grant of power by the state to the municipality to ordain otherwise; in which event the specific, positive, lawful grant is from the source of authority that may and has been expressed through legislation, the policy of the state.' ": MacQuillan, Municipal Corporations, 2d Revised Edition, Vol. 2, Sec. 685; *Haller B. Co. v. Rochester Boro. et al.*, 118 Pa. Superior Ct. 501, 515, 180 A. 108.

In view of the construction which we have placed upon the ordinance and which we regard as the intended and proper one, the claimant-appellee did not sustain a disability "while in the employ of the City"

52

within the meaning of the ordinance of 1913, and hence is not entitled to the compensation benefit provided for thereby.

Judgment reversed.